Chaundy Djon **MOORE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–99–00086–CR.

Court of Appeals of Texas,
Texarkana.

Submitted June 7, 2000.

Decided June 8, 2000.

Discretionary Review Refused
Oct. 18, 2000.

James Dennis Smith, Houston, for appellant.

Gregory A. McGee, Asst. Dist. Atty., Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Chaundy Moore[1] appeals from his conviction by a jury for aggravated robbery.

---

1. Appellant's name is listed in the body of the indictment as "Chaundy" Moore. However, other documents in the record indicate that appellant's name is "Chauncey" Moore.

The jury found an enhancement paragraph true and assessed his punishment at life imprisonment.

Moore contends that the evidence is factually and legally insufficient to support his conviction either as a principal or as a party.

The evidence shows that Moore was one of three men who broke into a residence owned by Mike Gerow. A neighbor, Donald Sparks, saw the three men enter Gerow's back yard, became suspicious, got his pistol, and went to the house to investigate. While Sparks was looking in a garage-door window, he was shot with a pistol identified as having been stolen from Gerow. Seconds later, a co-defendant, Efrain Epps, came up to Sparks, shot him several more times, and took his pistol, leaving him for dead. All three then rode away on bicycles. They were later arrested, and both pistols were recovered. Moore was indicted for committing theft against Donald Sparks, and while doing so, using a deadly weapon and placing Donald Sparks in fear of imminent bodily injury or death.

The State took the position at trial and on appeal that Moore is guilty only as a party, and not as a principal, and does not argue that the evidence proves that he is guilty as a principal. Thus, we will first review the sufficiency of the evidence to support a verdict that he is guilty as a party to the crime.

■ A legal sufficiency review calls on the reviewing court to view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979); *Mason v. State*, 905 S.W.2d 570, 574 (Tex.Crim.App.1995).

■ In contrast, a factual sufficiency review dictates that the evidence be viewed in a neutral light, favoring neither party. *Johnson v. State*, 23 S.W.3d 1, 5, (Tex.

Crim.App. 2000); *see Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App.1996). In determining the factual sufficiency of the evidence, we view all the evidence in a neutral light and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis*, 922 S.W.2d at 129.

■ The standard which we follow asks whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson*, at 8; *Clewis*, 922 S.W.2d at 134–35. Examples of such a wrong and unjust verdict include instances in which the jury's finding is manifestly unjust, shocks the conscience, or clearly demonstrates bias. *Clewis*, 922 S.W.2d at 135.

Moore contends that the evidence is insufficient to prove that he is guilty under the law of parties because the evidence does not reveal that he should have anticipated that one of his cohorts would threaten or place Donald Sparks in fear of serious bodily injury or death during the burglary.

In order to prove the offense of robbery, the State must prove that while in the course of committing theft the defendant caused bodily injury or threatened or placed another in fear of imminent bodily injury or death. Tex. Pen.Code Ann. § 29.02 (Vernon 1994). To elevate this offense to aggravated robbery the State must prove the robbery and also prove that during the course of the robbery the actor either caused serious bodily injury to another or used or exhibited a deadly weapon, or caused bodily injury if that person is over sixty-five years old. Tex. Pen.Code Ann. § 29.03(a)(1)-(3) (Vernon 1994).

A person may be convicted as a party to an offense if he commits the offense by his own conduct or by the conduct of another for whom he is criminally responsible. TEX. PEN.CODE ANN. § 7.01(a) (Vernon 1994). A person is criminally responsible for the acts of another if, while in an attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, even though the accused had no intent to commit the felony actually committed, so long as it was one that should have been anticipated as a result of the carrying out of the conspiracy. TEX. PEN.CODE ANN. § 7.02(b) (Vernon 1994).

The jury was charged in connection with the law of parties that the State was required to prove that Moore was part of a conspiracy to commit one felony (the burglary) and that he should have anticipated the act that resulted in the aggravated robbery. See Ruiz v. State, 579 S.W.2d 206, 209 (Tex Crim.App. [Panel Op.] 1979).

■ Moore contends that the evidence was insufficient because there was no evidence from which the jury might conclude that the shooting of Donald Sparks by a conspirator was reasonably foreseeable by the appellant. He bases this argument on evidence that Sparks was not shot with a weapon brought by any of the conspirators to the burglary, but rather with one stolen at the residence. We do not find this argument persuasive.

The evidence shows that Sparks was shot from inside the garage immediately after he drew his own pistol. Moore admitted in his written statement that he saw Sparks with the gun. It appears from the evidence that Sparks was visible through the glass panes on the garage door, but that it was not likely he would have been visible from other locations inside the house. Thus, the jury could have inferred that Moore was in the location where his co-conspirator fired the first shot and that he was also necessarily aware that Efrain Epps was armed. There was testimony that after Epps shot Sparks repeatedly, the three men rode off together on bicycles. This tends to suggest that Moore remained on the premises after Epps' continued shooting of Sparks and shows his acquiescence in the additional actions taken in furtherance of the robbery. See Crutcher v. State, 969 S.W.2d 543, 546–47 (Tex.App.-Texarkana 1998, pet. ref'd). Further, in his written statement, Moore implies that he left the scene immediately after the shooting and that he left alone. The jury was entitled to disbelieve Moore's statement, and also to draw the inference that, if he was lying about leaving immediately and alone, he may also have been lying about his lack of complicity in the taking of Sparks' gun.

■ The jury was also entitled to find that under these facts Moore should have anticipated that Epps would take Sparks' gun. It is obvious that when an individual decides to steal property from a private residence, he should anticipate that he might be confronted and that his co-conspirators might react violently to that confrontation. It is further probable that the co-conspirator (if not already armed) might arm himself with items or weapons found in the residence. Moore does not argue that he, Epps, and Sarver were not working together to burglarize the house.

There is evidence from which a jury could reason that Moore was part of a conspiracy to commit burglary, that during the commission of that crime Epps threatened Sparks with a deadly weapon, and that the conduct was both part of the burglary and a result that could be anticipated. Therefore, the evidence is both legally and factually sufficient to support Moore's conviction as a party to the offense. Moore's contentions of error are overruled.

The judgment is affirmed.