In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00210-CR


______________________________




CHARLES ANTHONY HUTCHINGS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 29346-A




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 Charles Anthony Hutchings appeals from his conviction by a jury for murder. He
was sentenced to forty years' imprisonment. Hutchings raises a single issue on appeal,
contending there is not factually sufficient evidence to corroborate his statement.

 The statement, which was admitted without objection, summarizes Hutchings'
version of what happened before and after the shootings but, as pointed out by counsel,
does not specify who fired the shots that killed the victim. His statement reflects that he
went to the house with three other men, that he knew drugs were sold there, and that he
was carrying a pistol. 

 Other evidence shows that, late at night, Hutchings and three other men came to
Avery Hood's residence. It appears Hood let them in, while his girlfriend, Katheryn Parker,
remained in bed in a back bedroom. They all went into the bedroom where Parker was
sleeping, and one of the four shot and killed Hood. One of them then shot Parker in the
head. Although severely wounded, she survived the attack and testified at trial. She
testified that Hutchings was carrying a gun and demanding money, but that she did not
know which one of them killed Hood.

 The jury charge contained language setting out the criminal responsibility
requirements prescribed by Tex. Pen. Code Ann. § 7.02 (Vernon 2003).

 Hutchings contends there is insufficient evidence to corroborate the statement
because there is no evidence of who pulled the trigger and no evidence of the mens rea of
the crime. In this case, there is evidence Hood was killed by one of the four men in the
room. Hutchings was present, with a pistol, but there is no evidence he actually shot Hood. 

 Hutchings thus claims the evidence is insufficient to prove the elements of the
offense. By so doing, he is asserting his federal constitutional due process rights. Such
claims are reviewed by measuring evidentiary sufficiency against the "substantive elements
of the criminal offense as defined by state law." See Fuller v. State, 73 S.W.3d 250, 252
(Tex. Crim. App. 2002).

 In conducting a legal sufficiency review, we view the evidence in the light most
favorable to the prosecution and ask if any reasonable trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Fuentes v. State, 991 S.W.2d
267, 271 (Tex. Crim. App. 1999); Duren v. State, 87 S.W.3d 719, 724 (Tex.
App.-Texarkana 2002, pet. denied). Because in a jury trial the jury serves as the exclusive
judge of the credibility of witnesses and of the weight to be given their testimony, the jury
is free to accept or reject any or all of any witness' testimony and reconcile any conflicts
in the evidence. Duren, 87 S.W.3d at 724. In reviewing the factual sufficiency of the
evidence, we look at all the evidence and determine whether the conviction is against the
great weight of the evidence. See Bigby v. State, 892 S.W.2d 864 (Tex. Crim. App. 1994). 
In reviewing the evidence, we must presume the trier of fact resolved any conflicting
inferences in favor of the prosecution and must defer to that resolution. Turro v. State, 867
S.W.2d 43, 47 (Tex. Crim. App. 1993). 

 In this case, the basic argument is that Hutchings, at most, intended to participate
in an aggravated robbery, not in a murder. Even if this is correct, it is not controlling. 

 Hutchings' statement reflects he and the others had gone to the house to purchase
drugs. His statement also shows he and at least one of the other individuals went into the
bedroom with pistols and a robbery of some sort was taking place. Parker testified she
was awakened by their entrance, and Hutchings and each of the others had a gun. She
testified that Hutchings put a pistol to her head, that he demanded money, and that he shot
her; she then heard him complain his gun had jammed, and she was then shot a second
time. She testified that, although she now knew Hood had been shot numerous times, she
was not aware of that at the time.

 A person may be convicted as a party to an offense if that person commits the
offense by his or her own conduct or by the conduct of another for whom he or she is
criminally responsible. Tex. Pen. Code Ann. § 7.01(a) (Vernon 2003). A person is
criminally responsible for the acts of another if, while in an attempt to carry out a
conspiracy to commit one felony, another felony is committed by one of the conspirators,
even though the accused had no intent to commit the felony actually committed, so long
as it was one that should have been anticipated as a result of the carrying out of the
conspiracy. Tex. Pen. Code Ann. § 7.02(b).

 The jury was charged in connection with the law of parties, without objection, that: 

 If, in the attempt to carry out a conspiracy to commit one felony,
another felony is committed by one of the conspirators, all conspirators are
guilty of the felony actually committed, though having not intent to commit it,
if the offense was committed in furtherance of the unlawful purpose and was
one that should have been anticipated as a result of the carrying out of the
conspiracy.


The jury was further charged, without objection, that:


 By the term "conspiracy" is meant an agreement between two or more
persons, with intent that a felony be committed, that they, or one or more of
them, engage in conduct that would constitute the offense. An agreement
constituting a conspiracy may be inferred from the acts of the parties.


 The trial court then authorized the jury to convict Hutchings if it found from the
evidence beyond a reasonable doubt Hutchings committed the offense as alleged in the
indictment, either acting alone or as a party. Hence, the jury was authorized to convict
Hutchings if it believed beyond a reasonable doubt that Hutchings was part of a conspiracy
to commit one felony (the robbery) and that he should have anticipated the act that
resulted in the aggravated robbery. See Ruiz v. State, 579 S.W.2d 206, 209 (Tex. Crim.
App. [Panel Op.] 1979); see also Moore v. State, 24 S.W.3d 444, 447 (Tex.
App.-Texarkana 2000, pet. ref'd).

 The evidence set out above shows that the murder occurred during the commission
of a felony and that one of the individuals involved necessarily shot and killed Hood during
its commission. Thus, there is evidence to support the jury's conclusion Hutchings was a
party to the offense and thus criminally responsible for the act of his cohort. We find the
evidence both factually and legally sufficient to support the verdict. Hutchings' contention
is overruled.

 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: September 16, 2003

Date Decided: September 17, 2003


Do Not Publish


Date Decided: October 20, 2008


Do Not Publish

1. See Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006); Hall v. State, 225 S.W.3d 524,
535 (Tex. Crim. App. 2007); Wiggins v. State, 255 S.W.3d 766, 769 (Tex. App.--Texarkana 2008,
no pet.).