Esteban AREVALO, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–94–00088–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 8, 1998.

Kim Richardson, Freeport, for appellant.

Jim Mapel, Mary Cudd Peters, Angleton, for appellee.

Before SCHNEIDER, C.J., and TAFT and ANDELL, JJ.

### ON REMAND FROM THE TEXAS COURT OF CRIMINAL APPEALS

TAFT, Justice.

A jury found appellant, Esteban Arevalo, guilty of sexual assault and aggravated sexu-

al assault. The trial court, having found true the enhancement paragraph alleging a prior conviction for aggravated rape, assessed punishment at 75 years in prison.[1] On appeal, we affirmed the trial court's judgment. *Arevalo v. State,* 918 S.W.2d 46 (Tex.App.—Houston [1st Dist.] 1996). The Court of Criminal Appeals vacated this Court's judgment and remanded for us to address: (1) whether there was some evidence in the record that appellant was guilty only of sexual assault under count one; and (2) whether submission of the lesser included offense was harmless error as to count two. *Arevalo v. State,* 943 S.W.2d 887, 890 (Tex.Crim.App. 1997). Because appellant conceded there was evidence appellant was guilty of the lesser included offense under both counts, we affirm the trial court's judgment as reformed.

Appellant was charged with two counts of aggravated sexual assault. Each count relied upon three alternative, aggravating factors: (1) "by acts and words placed Complainant in fear that death and serious bodily injury would be imminently inflicted on Complainant"; (2) "by acts and words occurring in the presence of the Complainant threatened to cause death and serious bodily injury to Complainant"; and (3) "did then and there in the course of the same criminal episode use and exhibit a deadly weapon, to wit, a knife, in that the manner of its use and intended use was capable of causing death and serious bodily injury." Upon closer examination of appellant's objection to the trial court's submission of lesser included offenses, we observe appellant conceded there was conflicting evidence regarding two of the three alternative, aggravating factors:

> Next objection is that we object to the inclusion of a lesser included offense because although we have—*there has been some type of disagreement—or, let's say, as to the evidence, at least, a conflict in the evidence as to whether or not one or [sic] the first or second of the aggravating circumstances are present.* There has been no issue as to the existence of a knife with

regard to this offense; and that in and of itself is an aggravating circumstance that will sustain the finding of aggravated sexual assault. Since there is no conflict as to the presence of a knife at the scene of this offense, there can be no finding of a lesser included offense. This simply is offered by the State as a compromise verdict in case the jury has a question as to the evidence, but there has been no testimony, no cross-examination which would deny the presence of the knife to the exclusion of the other elements of the offense. Therefore, we would urge this Court that the evidence does not support the inclusion of a lesser included offense in this jury charge.

(Emphasis added). Because appellant's objection conceded there was evidence appellant was guilty only of the lesser included offense in regard to two of the three alternative, aggravating circumstances, it was not error for the trial court to submit the lesser included offenses. Even if there had been no evidence controverting the use and exhibition of a deadly weapon, namely, a knife, appellant's concession of the existence of evidence controverting the other two aggravating circumstances justified the submission of the lesser-included-offense instructions.

Therefore, we overrule appellant's third point of error regarding both counts one and two without having to perform a harmless error analysis.

We affirm the trial court's judgment as reformed to show punishments of 75–years confinement for both counts.

TAFT, J., concurs.

TAFT, Justice, concurring on remand from the Texas Court of Criminal Appeals.

I write separately to suggest that the majority opinion of the Court of Criminal Appeals ("the majority opinion") seems to have overlooked something crucial to its decision. The majority opinion asserted, "We have never stated a rationale for the second prong of the *Rousseau [v. State,* 855 S.W.2d 666 (Tex.Crim.App.1993)]–*Aguilar [v. State,* 682

---

1. The judgment reflects only one sentence of 75 years. The court reporter's record reflects, however, that the trial court sentenced appellant to 75 years on each count. Having the necessary data and evidence before us for reformation, we

reform the judgment to reflect sentences of 75 years in both counts. *See* Tex.R.App. P. 43.2(b); *Tamez v. State,* 620 S.W.2d 586, 590 (Tex.Crim. App.1981).

S.W.2d 556 (Tex.Crim.App.1985)]–*Royster* test, perhaps because we thought the rationale was obvious." *Arevalo v. State,* 943 S.W.2d 887, 889 (Tex.Crim.App.1997). Overlooked is the fact that the Court of Criminal Appeals had stated the rationale for the second prong in *Eldred v. State:*

> The reasoning is clear when one considers the dilemma facing a jury in the absence of a charge on theft [the lesser included offense] in a *Campbell [v. State,* 571 S.W.2d 161 (Tex.Cr.App.1978)] fact situation. If the jury believes the defendant, they necessarily believe that the offense committed was theft. If no charge on theft is given, then the jury has two options which are equally distasteful. The first option is to vote not guilty in a situation where they believe the defendant committed a theft. The other option is to vote guilty of aggravated robbery, an offense they believe the defendant did not commit.

578 S.W.2d 721, 723 (Tex.Crim.App.1979). *Eldred* is the only authority cited for the two-pronged test in *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App.1981) (op. on reh'g).

The decision of the majority opinion is based on a new and different statement of a rationale for the second prong of *Royster.* The authorities cited by the majority opinion for its newfound rationale are: (1) Am. Jur.2d; (2) the Model Penal Code; and (3) an opinion from the Wisconsin Supreme Court. *Arevalo,* 943 S.W.2d at 889. The effect of the decision of the majority is, as argued by appellant in his original brief in this Court, to establish a "right to require the jury [to] choose only those options [guilty of the greater offenses or not guilty], and not reach a 'compromise' verdict on a lessor [sic] included offense." In other words, the majority opinion establishes a defendant's "right" to put the jury in the dilemma against which the second prong of *Royster* was designed to guard.

I respectfully urge the Court of Criminal Appeals to correct what appears to be an obvious oversight.