Esteban AREVALO, Appellant,

v.

The STATE of Texas, Appellee.

No. 316–98.

Court of Criminal Appeals of Texas, En Banc.

May 27, 1998.

Kim Richardson, Freeport, for appellant.

Mary Peter Cudd, Asst. Dist. Atty. Angleton, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of sexual assault and aggravated sexual assault and sentenced to confinement for seventy-five years in each case. The Court of Appeals affirmed the convictions, holding that the trial court did not err by submitting the lesser included offense of sexual assault over Appellant's objection that it was not raised by the evidence. *Arevalo v. State,* 918 S.W.2d 46 (Tex.App.— Houston [1st Dist.] 1996). We granted Appellant's petition for discretionary review and held that the State is bound by the second prong of the Royster/Aguilar [1] test. *Arevalo v. State,* 943 S.W.2d 887 (Tex.Cr.App.1997). We remanded to the Court of Appeals to address the State's claims that the record included evidence that Appellant was guilty only of sexual assault, and any error in the submission of sexual assault was harmless to the aggravated sexual assault conviction.

The Court of Appeals handed down another opinion affirming the convictions. *Arevalo v. State,* 959 S.W.2d 373 (Tex.App.—Houston [1st Dist.], 1998). It held that because Appellant agreed that there was conflicting evidence on one of three aggravating factors, the trial court did not err by submitting sexual assault.

Appellant contends the Court of Appeals erred by failing to examine the evidence submitted at trial, as directed by this Court. He also submits that without evidence disputing or negating all the theories of aggravation presented, the jury could not find Appellant guilty *only* of sexual assault.

A lesser included offense instruction must be submitted if the offense is, "included within the proof necessary to establish the offense charged ... and there [is] some evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense." *Royster,* 622 S.W.2d at 446. In *Rousseau v. State,* 855 S.W.2d 666 (Tex.Cr.App.1993), we clarified the second prong of the *Royster* test. We held, "[T]he trial court should make a determination of whether the evidence of the lesser offense would be sufficient for a jury rationally to find that the defendant is guilty only of that offense, and not the greater offense." In *Arevalo,* we explained, "The second prong of the test preserves the integrity of the jury as the fact-finder by ensuring that the jury is instructed as to the lesser offense only when that offense constitutes a valid, rational alternative to the charged offense." Id. at 889.

In the instant case, the State presented evidence on all three theories of aggravation, and the jury charge required the jury to find only one of the three to convict of aggravated sexual assault. If the evidence was disputed on only one of those theories and the evidence on the remaining two was un-

---

1. *Royster v. State,* 622 S.W.2d 442 (Tex.Cr.App. 1981) and *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Cr.App.1985).

contested, the jury could not rationally find Appellant guilty only of the lesser. Therefore, we hold that if sufficient evidence of more than one theory of the greater offense is presented to allow the jury to be charged on alternate theories, the second prong of the *Royster/Aguilar* test is satisfied only if there is evidence which, if believed, refutes or negates every theory which elevates the offense from the lesser to the greater. See *Schweinle v. State*, 915 S.W.2d 17, 19–20 (Tex.Cr.App.1996). Only if every theory properly submitted is challenged would the jury be permitted to find the defendant guilty *only* of the lesser offense.

We conclude the Court of Appeals failed to comply with our directive that it examine the evidence in the record, and it failed to apply the correct standard. Accordingly, we again grant Appellant's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand the cause to that court for proceedings consistent with this opinion and our original opinion remanding this cause.

McCORMICK, P.J., and KELLER, J., dissent.