Kelvin Leon **WILLIAMS**, Appellant,

v.

**STATE of Texas**, Appellee.

No. 11–99–00282–CR.

Court of Appeals of Texas,
Eastland.

Sept. 21, 2000.

April E. Smith, Mesquite, for appellant.

Bill Hill, Crim. Dist. Atty., Appellate Section, Dallas, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## OPINION

McCALL, Justice.

Appellant was charged with committing capital murder for remuneration.[1] The jury convicted him of murder[2] and assessed his punishment at confinement for life.[3] We hold that the trial court did not err in instructing the jury on the lesser included offense of murder. We also hold that the evidence is legally and factually sufficient to support appellant's conviction, and we affirm.

### Jury Instruction on Unindicted, Lesser Included Offense

Appellant argues in his first issue that the trial court erred in granting the State's request for a jury instruction on the lesser included offense of murder. Appellant was charged only with the commission of capital murder. During the charge conference, the State requested the trial court to instruct the jury on murder, and appellant objected. The trial court overruled his objection and granted the State's request. The jury returned a verdict of "guilty" to the charge of murder, acquitting appellant of capital murder.

■ Either the State or the defendant may request an instruction on a lesser included offense when: (1) the lesser included offense is "included within the proof necessary to establish the offense charged" and (2) some evidence exists in the record that would permit a rational jury to find that, "if the defendant is guilty, he is guilty only of the lesser offense." *Arevalo v. State*, 943 S.W.2d 887, 889 (Tex.Cr.App.1997)(*Arevalo I*), quoting *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex.Cr.App.), *cert. den'd*, 510 U.S. 919,

114 S.Ct. 313, 126 L.Ed.2d 260 (1993). Neither party disputes that murder is a lesser included offense of capital murder. Indeed, the statute defines capital murder as the commission of murder as defined in Section 19.02(b)(1), accompanied by one of eight aggravating factors. See Section 19.03(a). Thus, we need address only the second prong of the test.

■ The fact that proof of the lesser included offense is included in the proof of the greater offense is not by itself enough to warrant an instruction on the lesser included offense. *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Cr.App.1985). The trial court may instruct the jury on a lesser included offense "only when that offense constitutes a valid, rational alternative to the charged offense." *Arevalo I*, *supra*. Thus, we must examine the record and determine if there is any evidence which would permit a rational jury to find that appellant is guilty only of the lesser included offense of murder. *Arevalo I*, *supra*. The jury is the exclusive judge of the facts proven and may choose whether to believe any or all of a witness's testimony. TEX. CODE CRIM. PRO. ANN. arts. 36.13 & 38.04 (Vernon 1979 & 1981); *Bowden v. State*, 628 S.W.2d 782, 784 (Tex. Cr.App.1982).

### The Evidence

Jerry Terrell testified that he and appellant left a "bootleg" house in Dallas with Fred Miles in Miles' Cadillac. Appellant sat in the front passenger seat; Terrell sat in the backseat on the passenger side. The three drove from the bootleg house to an apartment complex on Ann Street, several blocks away. The three started to drive away from the apartments after

---

1. TEX. PENAL CODE ANN. § 19.03(a) (Vernon 1994) defines the offense of capital murder.

2. TEX. PENAL CODE ANN. § 19.02(b)(1) (Vernon 1994) defines the offense of murder. It is a first degree felony. Section 19.02(c).

3. First degree felonies are punishable by confinement for life or for a term of 5 to 99 years and an optional fine of up to $10,000. TEX. PENAL CODE ANN. § 12.32 (Vernon 1994). Appellant pleaded "true" to the enhancement paragraph; thus, the range of punishment was enhanced to confinement for life or a term of 15 to 99 years. TEX. PENAL CODE ANN. § 12.42(c) (Vernon Supp.2000).

Miles visited his girlfriend there. Roland Reed, Ernest Garett, and Brandon Owens were standing near the apartments talking. Reed said something to Miles as Miles drove past, and Miles stopped the car.

Terrell testified that Miles got out of the car and began arguing with Reed. After arguing for a few minutes, Miles got back into the Cadillac and offered appellant $500 and two "fifties"[4] to kill Reed. Appellant then got out of the car, walked over to Reed, and shot him in the face at close range.

Garett and Owens both testified that appellant got out of the Cadillac after Miles got back into the car. They testified that appellant walked over to Reed and shot him in the face. Miles was called as a witness. He invoked his right not to testify, however, because he was under indictment for the same offense. Appellant testified that he did not ride with Miles that night and that he did not shoot Reed.

A third eyewitness, Lorenzo Hunter, was standing outside the apartments waiting for his mother to take him home. Unlike the other three eyewitnesses, Hunter could not identify appellant as the shooter. He gave a description of the person who shot Reed, and that description closely matched the description of appellant given by Terrell, Garett, and Owens. Another witness, Allan Turner, testified that, on the night of the shooting, appellant sold him the .25 caliber pistol that was admitted into evidence as State's Exhibit No. 36. The police determined that the shell casings found at the scene and the bullet retrieved from Reed's brain were fired from State's Exhibit No. 36.

Appellant's defensive theory was mistaken identity. Appellant's street name was "Slim." Another tall man, who was older than appellant, also frequented the bootleg house. His street name was also "Slim," but witnesses at the trial called him "Old Slim" to differentiate between him and appellant. Through cross-examination of the State's witnesses, appellant insinuated that Old Slim was the person who shot Reed.

Appellant denied being with Miles and Terrell. He denied shooting Reed. He also testified on direct examination as follows:

Q. Did Frederick Miles ever ask you to shoot [Reed]?

A. No, sir.

\* \* \*

Q. If Jerry Terrell, the guy who claims to have known you for twenty some-odd years, picked you out of a lineup and says that Fred Miles ordered you to kill somebody, is that the truth?

A. No, sir.

### Propriety of Instruction on Lesser Included Offense

■ Under the second prong of the test applied in *Arevalo I*, the State must show that some evidence exists in the record that would permit a rational jury to find that, if the defendant is guilty, he is guilty only of the lesser offense. The State argues that the evidence in this case is sufficient to convict appellant of murder instead of capital murder because the jury could disbelieve Terrell's testimony about Miles' promise of remuneration to appellant. By disbelieving that testimony and believing the testimony of the other eyewitnesses, the jury could rationally find appellant guilty of only murder.

The Court of Criminal Appeals explained its *Arevalo I* holding in *Arevalo v. State,* 970 S.W.2d 547 (Tex.Cr.App.1998)(*Arevalo II*).[5] The

---

**4.** The record indicates that a "fifty" is a $50 rock of crack cocaine.

**5.** In *Arevalo I,* the Court of Criminal Appeals remanded the case to the court of appeals.

The court of appeals affirmed. *Arevalo v. State,* 959 S.W.2d 373 (Tex.App.—Houston [1st Dist.] 1998). The Court of Criminal Appeals again reversed the court of appeals' decision and remanded the case in *Arevalo II.*

Court held that the State could obtain an instruction on the lesser included offense "only if there is evidence which, if believed, refutes or negates every theory which elevated the offense from the lesser to the greater." *Arevalo II, supra* at 549. Thus, we must examine the record to determine whether it contains evidence that refutes or negates the element of remuneration.

Terrell was the only witness that testified that Miles promised appellant remuneration. Although he denied he was at the scene, appellant also stated that Miles did not "ask" or "order" him to kill Reed. This testimony is sufficient to raise an issue about the element that aggravates the offense to capital murder: the receipt or promise of remuneration. The jury could have believed appellant's assertion that Miles did not promise him remuneration for killing Reed but could have disbelieved appellant's denial that he shot Reed. The jury could have also disbelieved Terrell's testimony about the promise of remuneration and could have believed the other two eyewitnesses that identified appellant as the person who shot Reed. There is evidence in the record which would allow a rational jury to find that appellant was only guilty of the lesser included offense of murder.

We hold that the trial court did not err in instructing the jury on the lesser included offense of murder. Appellant's first issue is overruled.

### Legal Sufficiency of the Evidence

Appellant argues in his second issue that the evidence is legally insufficient to support his conviction for murder. Specifically, he argues that "[t]he State failed to prove, beyond a reasonable doubt, that Appellant was the person who shot Roland Reed." Evidence is legally sufficient when, viewed in the light most favorable to the prosecution, it is sufficient to permit a rational trier of fact to find all the essen-

tial elements of the charged crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 156–57 (Tex.Cr.App.1991).

As outlined above, the State presented testimony from four eyewitnesses, three of whom identified appellant in open court as the person who shot Reed. Terrell, Garett, and Owens also identified appellant as the shooter from a photo lineup. Hunter, although he could not identify appellant, gave a physical description of appellant that closely matched the similar physical description given by Terrell, Garett, and Owens. Although appellant denied committing the offense and disputed the eyewitnesses' identifications, the jury was entitled to choose what evidence it would believe. The evidence is legally sufficient to support appellant's conviction for murder. Appellant's second issue is overruled.

### Factual Sufficiency of the Evidence

■ Appellant argues in his third issue that the evidence is factually insufficient to support his conviction for murder. Appellant argues that "[i]t is clear that the witnesses mistakenly identified Appellant as the shooter." Evidence is factually sufficient unless, when viewed without "the prism of most favorable to the prosecution," it is so contrary to the great weight of the evidence as to be manifestly unjust. *Johnson v. State*, 23 S.W.3d 1 (Tex.Cr. App.2000); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Cr.App.1996).

■ Despite various differences in the eyewitnesses' descriptions of appellant's clothing and facial hair, Terrell, Garett, and Owens all identified appellant in open court as the person who shot Reed. Hunter gave a physical description of the shooter that matched the description given by Terrell, Garett, and Owens. Turner identified appellant as the person who sold him

The court of appeals again affirmed. *Arevalo v. State*, 987 S.W.2d 164 (Tex.App.—Houston [1st Dist.] 1999, pet'n ref'd).

State's Exhibit No. 36, the gun used in the shooting. The evidence is factually sufficient to support appellant's conviction for murder. Appellant's third issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.