# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00315-CR

**Adam George Resa, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF SAN SABA COUNTY, 33RD JUDICIAL DISTRICT NO. 5407, HONORABLE V. MURRAY JORDAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Adam George Resa guilty of burglary of a habitation with commission of aggravated assault, for which it imposed a forty-year prison term and a $3000 fine. *See* Tex. Pen. Code Ann. § 22.02 (West Supp. 2005), § 30.02 (West 2003). In two points of error, appellant contends that the trial court erred by failing to instruct the jury on the lesser included offenses of aggravated assault and criminal trespass. Finding no error, we affirm the conviction.

## BACKGROUND

In the early morning hours of April 11, 2004, Joe and Diane Dobie were asleep in their home in a remote area of San Saba County. It had rained earlier and the ground was muddy. Around midnight, the Dobies were awakened by a loud noise and heard two voices coming from their utility room. Mr. Dobie grabbed a .22 rifle kept near his bed and headed towards the sound of

the voices to investigate. As he approached the utility room, Mr. Dobie saw appellant's silhouette holding a pistol in the utility room doorway. He yelled at the intruders to stop. In response, appellant fired his pistol, striking the wall eight feet from where Mr. Dobie was standing. Mr. Dobie attempted to shoot back but his gun misfired.

Appellant continued shooting while retreating through the utility room door. From outside, one of the intruders fired a shot through the kitchen window, shattering glass on Mr. Dobie inside the house. When Mr. Dobie stepped onto the porch and attempted to shoot, his gun misfired again. Appellant's brother, Daniel Resa,[1] then fired a shot at Mr. Dobie with a shotgun.

Mr. Dobie stepped back inside the utility room to get another .22 rifle and returned to the porch. At this point, Mr. Dobie noticed that the doors to his truck parked outside were open, and he suspected that the intruders were using guns stolen from his truck. As appellant and Daniel fled the scene, they took separate paths around a tree. Daniel ran to the right of the tree, made it back to his truck and drove off without appellant. Police dogs tracked the other set of footprints around the left side of the tree for nearly eight miles across the countryside, where they found appellant hiding in a tree. The police also recovered a handgun on the Dobies' property near appellant's footprints.

Appellant was indicted for burglary of a habitation with commission of a felony under Texas Penal Code section 30.02(a)(3). The indictment alleged, in relevant part, that

---

[1] In a separate trial, a jury found Daniel Resa guilty of burglary of a habitation with commission of a felony, for which it imposed a sixty-year prison term. At the time of this opinion, Daniel Resa's appeal is pending in this Court. *See Resa v. State*, No. 03-05-00215-CR.

Adam George Resa . . . on or about the 11th day of April, 2004, . . . did then and there, intentionally and knowingly, without effective consent of Joe K. Dobie, the owner, enter a habitation and did then and there commit and attempt to commit aggravated assault.

The case proceeded to trial before a jury on January 19, 2005. The State presented six witnesses and numerous exhibits, including appellant's own written statements, maps, and photographs of the crime scene. Daniel Resa testified on behalf of appellant. Appellant did not testify.

According to Daniel, he and appellant had been drinking together most of the day on April 10, 2005. After attending a dance in Priddy that night, appellant was so intoxicated that he "passed out" in Daniel's truck. Daniel, who was familiar with the area around the Dobies' property, drove his truck to San Saba after the dance to "steal some guns and stuff like that." Daniel testified that appellant was asleep the entire time as Daniel drove to San Saba and used a chain to pull down the gate leading to the Dobies' property. Daniel testified that when he parked the truck, appellant woke up momentarily and asked where they were going. Daniel replied that they were going to a friend's house to buy drugs.

Daniel broke into Mr. Dobie's parked truck and stole a pistol, a .20 gauge shotgun, and a cell phone. He testified that, at this point, he whistled at appellant to wake up and come with him up to the Dobies' house. According to Daniel, he, not appellant, shot the pistol through the utility room window and then walked "two steps" inside the house. He also claimed to have fired the shot through the kitchen window that shattered glass on Mr. Dobie. According to Daniel, appellant never held a weapon or entered the house. When Mr. Dobie came out onto the back porch "yelling and shooting" at them, Daniel ran back to his truck and drove off without appellant.

3

The trial court denied appellant's request for an instruction on the lesser included offenses of aggravated assault and criminal trespass. The submitted jury charge mirrored the indictment and allowed the jury to find appellant guilty "either acting alone or with another or others as a party to the offense." The jury found appellant guilty of burglary of a habitation with commission of aggravated assault and assessed punishment at forty years' confinement and a fine of $3000.

## DISCUSSION

Appellant contends that the trial court erred by failing to instruct the jury on the lesser included offenses of aggravated assault and criminal trespass. We review the trial court's decision for an abuse of discretion. *See Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004).

A trial court may instruct the jury on a lesser included offense if (1) the offense in question is a lesser included offense under article 37.09 of the Texas Code of Criminal Procedure[2]

---

[2] Article 37.09 provides:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Tex. Code. Crim. Proc. Ann. art. 37.09 (West 1981).

4

and (2) the record contains some evidence that would permit a rational jury to find the defendant guilty only of the lesser included offense. *See Hall v. State*, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005). This two-pronged test is often referred to as the *Aguilar/Rousseau* test. *See id.* (citing *Aguliar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985); *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993)).

If sufficient evidence of more than one theory of the greater offense is presented to allow the jury to be charged on alternate theories, the second prong of the test is satisfied only if there is evidence which, if believed, refutes or negates every theory which elevates the offense from the lesser to the greater. *See Arevalo v. State*, 970 S.W.2d 547, 549 (Tex. Crim. App. 1998). In this case, the jury charge permitted the jury to find appellant guilty of burglary of a habitation with commission of aggravated assault based either on his own conduct or as a party to the offense. Although two theories of responsibility were submitted to the jury, the appellant was charged with a single offense—burglary of a habitation with commission of aggravated assault. In applying the *Aguilar/Rousseau* test, we limit our review to a determination of whether there is some evidence that would permit a rational jury to find that appellant committed only a lesser included offense, such as aggravated assault or criminal trespass, instead of the charged offense. *See Stadt v. State*, No. PD-1937-03, 2005 Tex. Crim. App. LEXIS 2009, at *10 (Tex. Crim. App. Nov. 23, 2005).

**Aggravated Assault**

A person commits the offense of burglary if, without the effective consent of the owner, he enters a habitation and commits or attempts to commit a felony, theft, or assault. *See* Tex. Pen. Code Ann. § 30.02(a)(3). A person commits the felony offense of aggravated assault if he

5

commits assault and (1) causes serious bodily injury to another, or (2) uses or exhibits a deadly weapon during the commission of the assault. *See* Tex. Pen. Code Ann. § 22.02(a) (West Supp. 2005). Because the commission of an aggravated assault satisfies an element of the charged offense, it is a lesser included offense of burglary of a habitation under article 37.09 of the Texas Code of Criminal Procedure. Tex. Code. Crim. Proc. Ann. art. 37.09 (West 1981).

In deciding whether a lesser included offense instruction on aggravated assault should be given, the second prong of the *Aguilar/Rousseau* test requires some evidence from which a rational jury could acquit appellant of burglary of a habitation while convicting him of aggravated assault. *See Hall*, 158 S.W.3d at 473 (citing *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)). In addition, the evidence must establish aggravated assault as a valid *rational* alternative to burglary of a habitation. *See Wesbrook v. State*, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000) (citing *Arevalo*, 943 S.W.2d at 889) (emphasis added). On appeal, appellant contends that there is some evidence in the record that he thought he had consent to enter the Dobie home when he committed an aggravated assault, thereby absolving him of the burglary charge and requiring an instruction on aggravated assault. We disagree.

If a defendant either presents evidence that he committed no offense or presents no evidence, and there is no evidence otherwise showing he is guilty only of a lesser included offense, then a charge on a lesser included offense is not required. *See Bignall*, 887 S.W.2d at 24 (citing *Aguilar*, 682 S.W.2d at 558). There is no evidence in the record to suggest that appellant is only guilty of aggravated assault. Appellant's evidence was to the effect that he did not use a weapon against Mr. Dobie and was, therefore, not guilty of aggravated assault. The State's evidence, on the

6

other hand, was to the effect that appellant committed an aggravated assault when he entered the Dobies' house without consent.

Appellant argues that there was some evidence that he believed he was at a friend's house buying drugs and therefore, believed he had consent to be there. However, the evidence was undisputed that either he or Daniel shot out a window to gain access to the dwelling, and that, at a minimum, appellant witnessed how access to the dwelling was accomplished. There is evidence that Daniel and appellant broke down a gate, entered the Dobie property, took a handgun and a shotgun from Mr. Dobie's truck, shot at Mr. Dobie and fled into the night. Photographs of the crime scene show footprints in the mud around the house to each window of the Dobie's house and a broken window by the utility room door. In light of this record, we conclude that it is not a rational alternative, supported by evidence, that appellant believed he had consent to enter the Dobie's home and then committed an aggravated assault once inside the home. Therefore, the trial court did not abuse its discretion by denying an instruction on aggravated assault. Appellant's first point of error is overruled.

**Criminal Trespass**

Appellant also contends that the trial court erred by denying a lesser included offense instruction on criminal trespass. A person commits criminal trespass if he enters or remains on or in property of another without effective consent and had notice that the entry was forbidden or received notice to depart but failed to do so. *See* Tex. Pen. Code Ann. § 30.05 (West Supp. 2005). The offense of criminal trespass is a lesser included offense of burglary. *Mitchell v. State*, 807 S.W.2d 740, 742 (Tex. Crim. App. 1991) (citing *Day v. State*, 532 S.W.2d 302 (Tex. Crim. App. 1975)). Thus, the first prong of the *Aguilar/Rousseau* test is satisfied.

Next, we must determine if some evidence exists in the record that would permit a rational jury to find appellant guilty only of criminal trespass. *See Bignall*, 887 S.W.2d at 23. According to Daniel, appellant did not have notice that entry was forbidden because he thought they were there to buy drugs. Daniel also testified that appellant fled the scene when confronted by Mr. Dobie. This is not some evidence that appellant was guilty only of criminal trespass, but rather, evidence that he was not guilty of any offense. The evidence is undisputed that two guns were stolen from Mr. Dobie's truck and used to commit an aggravated assault. Mr. Dobie identified appellant as the intruder inside his home, and the police recovered a handgun next to appellant's footprints. We hold that the evidence in this case does not permit a conclusion that appellant was guilty only of criminal trespass instead of burglary of a habitation with the commission of aggravated assault. Therefore, the trial court did not abuse its discretion by denying the request for a lesser included offense instruction on criminal trespass. Appellant's second point of error is overruled.

We affirm the judgment of the trial court.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: February 10, 2006

Do Not Publish