MARY'S OPINION HEADING 









                                                NO.
12-04-00320-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

DERRICK C. WALKER,      §                      APPEAL
FROM THE 123RD

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      SHELBY
COUNTY, TEXAS

                                                                                                    
                                                       

MEMORANDUM
OPINION

            Derrick C. Walker appeals his conviction of aggravated
sexual assault, for which he was sentenced to imprisonment for thirty
years.  Appellant raises two issues on
appeal.  We affirm.

 

Background

            Appellant was indicted for aggravated sexual
assault.  The indictment alleged that
Appellant intentionally or knowingly caused the penetration of the female
sexual organ of S.W. by Appellant’s sexual organ, without the consent of S.W.,
and that Appellant by acts or words threatened to cause, or place S.W. in fear
that death would be imminently inflicted on her.  Appellant pleaded “not guilty,” and the
matter proceeded to jury trial.  








            At trial, S.W. testified that on January 1, 1999, she was
home alone locked in her bedroom where she was watching television, eating
popcorn, and drinking tea.  When S.W.
left her bedroom to go to the kitchen, Appellant, who was waiting on the other
side of the door, grabbed her arms and restrained her.  Appellant told her not to look at him and asked
her where her purse was located. 
Appellant located some money in S.W.’s purse, then asked S.W. about the
identities of the people in the pictures Appellant had in her billfold.  When S.W. identified the people as her
granddaughter and grandson.  Appellant
stated, “If you tell—if you tell anybody about this, I’ll kill them.  I’ll kill your grandkids and I’ll kill your
son and I’ll kill your daughter-in-law and I’ll kill you.”

            S.W. testified that Appellant then tore off her pajamas
and removed his blue jeans and shoes. 
S.W. further stated that Appellant forced her to lie on the bed while he
sexually assaulted her for nearly an hour. 
S.W. further testified that Appellant could not maintain an erection and
forced her to perform oral sex on him, after which he again sexually assaulted
her.  S.W. stated that Appellant
repeatedly told her, “Don’t look at me. 
You keep your eyes closed.” 
Thereafter, Appellant went into the bathroom all the time telling
Appellant that he would kill her grandchildren if she said anything to anyone
about what had happened.  

            Appellant departed S.W.’s home in her pickup truck, but
quickly returned and remained in the house for an additional thirty
minutes.  After waiting for approximately
two hours, S.W. left her house and crawled through a pasture approximately 300
yards to her daughter in law’s house. 
S.W. stated that she was afraid Appellant would kill her if he saw her
leave the house.  S.W.’s daughter in law
subsequently took S.W. to the emergency room.

            Ultimately, the jury convicted Appellant of aggravated
sexual assault and assessed punishment at imprisonment for thirty years.  The trial court sentenced Appellant
accordingly, and this appeal followed.[1]

 

Legal Sufficiency of the Evidence

            In his first issue, Appellant contends that the evidence
is legally insufficient to support the jury’s finding of guilt.  Specifically, Appellant argues that there was
no evidence that he caused S.W. to fear that her death was imminent.

            Legal sufficiency is the constitutional minimum required
by the Due Process Clause of the Fourteenth Amendment to sustain a criminal
conviction.  See Jackson v.
Virginia, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d
560 (1979); see also Escobedo v. State, 6 S.W.3d 1, 6 (Tex. App.–San
Antonio 1999, pet. ref’d).  The standard
for reviewing a legal sufficiency challenge is whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.  See Jackson, 443
U.S. at 320, 99 S. Ct. at 2789; see also Johnson v. State, 871
S.W.2d 183, 186 (Tex. Crim. App. 1993). 
The evidence is examined in the light most favorable to the jury’s
verdict.  See Jackson, 443
U.S. at 320, 99 S. Ct. at 2789; Johnson, 871 S.W.2d at 186.  A successful legal sufficiency challenge will
result in rendition of an acquittal by the reviewing court.  See Tibbs v. Florida, 457 U.S.
31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).

            The sufficiency of the evidence is measured against the
offense as defined by a hypothetically correct jury charge.  See Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1997).  Such a
charge would include one that “accurately sets out the law, is authorized by
the indictment, does not unnecessarily increase the State’s burden of proof or
unnecessarily restrict the State’s theories of liability, and adequately describes
the particular offense for which the defendant is tried.”  Id.

            To support a conviction for aggravated
sexual assault as authorized by the indictment in this case, the State was
required to prove, among other things, that Appellant, by acts or words occurring
in S.W.’s presence, either (1) threatened to cause S.W.’s death or (2) placed
her in fear that death would be imminently inflicted upon her.  See Tex.
Pen. Code Ann. § 22.021(a)(2)(A)(ii), (iii) (Vernon Supp. 2005). 

            In the case at hand, Appellant argues that any evidence
that he threatened S.W.’s life was conditional and involved only threats of
future harm.  Yet, under the
hypothetically correct charge, the State can prove its case for aggravated
sexual assault by demonstrating that Appellant, by acts or words occurring in
the presence of the victim, threatened to cause her death.  See Tex.
Pen. Code Ann. § 22.021(a)(2)(A)(iii). 
Thus, unlike Section 22.021(a)(2)(A)(ii), proof of imminence is not
required where there is an express threat to cause death.  See Tex.
Pen. Code Ann. § 22.021(a)(2)(A)(iii); Ainsworth v. State,
No. 01-93-00038-CR, 1994 WL 562061, at *2 (Tex. App.–Houston [1st Dist.]
October 13, 1994, pet. ref’d) (not designated for publication) (“[S]ection
22.021 does not require proof in every aggravated sexual assault case that the
defendant threatened the 'imminent' infliction of [death].  Subsection (a)(2)(A) lists four alternatives.
. . .  The evidence . . . need only be
sufficient to support any one of those four alternatives.”).   Here,
S.W. testified that Appellant, prior to sexually assaulting her, told her that
if she told anyone, he would kill S.W., her children, her daughter in law, and
her grandchildren.  We hold that the
evidence is legally sufficient to support the jury’s verdict.  Appellant’s first issue is overruled.

 

Lesser Included Offense

            In his second issue, Appellant contends that the trial
court erred in refusing his request to instruct the jury on the lesser included
offense of sexual assault.  The State
contends that there was no evidence submitted to the jury that showed if
Appellant was guilty, he was guilty only of sexual assault. 

            An offense is a lesser included offense if (1) it is
established by proof of the same or less than all the facts required to establish
the commission of the offense charged; (2) it differs from the offense charged
only in the respect that a less serious injury or risk of injury to the same
person, property, or public interest suffices to establish its commission; (3)
it differs from the offense charged only in the respect that a less culpable
mental state suffices to establish its commission; or (4) it consists of an
attempt to commit the offense charged or an otherwise included offense.  Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 1981).  A defendant is entitled to an instruction on
a lesser included offense if (1) proof of the charged offense includes the
proof required to establish the lesser included offense and (2) there is some
evidence in the record that would permit a jury rationally to find that if the
defendant is guilty, he is guilty only of the lesser offense.  Ferrel v. State, 55 S.W.3d 586,
589 (Tex. Crim. App. 2001).  

            Sexual assault is a lesser included offense of aggravated
sexual assault.  See Chavis v.
State, 807 S.W.2d 375, 377 (Tex. App.–Houston [14th Dist.] 1991, pet.
ref’d); compare Tex. Pen. Code
Ann. § 22.011 (Vernon Supp. 2005) with Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2005). Thus,
because the first prong is satisfied, we direct our inquiry to the second
prong.  If the evidence contains a
scintilla of evidence to support the second prong, then Appellant is entitled
to an instruction on the lesser included offense of sexual assault.  See Ferrel, 55 S.W.3d at 589.  However, it is not enough that the jury may
disbelieve crucial evidence pertaining to the greater offense.  Solomon v. State, 49 S.W.3d
356, 369 (Tex. Crim. App. 2001); Bignall v. State, 887 S.W.2d 21,
24 (Tex. Crim. App. 1994).  Rather, there
must be some evidence from which a rational jury could acquit the defendant of
the greater offense while convicting him of the lesser included offense.  See Feldman v. State, 71
S.W.3d 738, 752 n.9 (Tex. Crim. App. 2002). 
Moreover, where multiple theories on the aggravation element of sexual
assault are presented to the jury and a finding on any of the theories would
permit the jury to find that the offense was aggravated, the second prong is
only satisfied if there is evidence, which, if believed, refutes or negates
every theory that elevates the offense from the lesser to the greater
offense.  Id.; Arevalo
v. State, 970 S.W.2d 547, 548–49 (Tex. Crim. App. 1998).

            In the case at hand, there is no evidence of record to
support that Appellant did not threaten to kill S.W.  Moreover, Appellant does not challenge such
evidence in his brief, but rather, focuses on evidence concerning the imminence
of the threat.  Thus, we conclude that
the record does not contain any evidence that would indicate that Appellant was
only guilty of sexual assault rather than aggravated sexual assault.  We hold that the trial court did not err in
refusing to instruct the jury concerning the lesser included offense of sexual
assault.  Appellant’s second issue is
overruled.

 

Disposition

            Having overruled Appellant’s first and second issues, we affirm
the trial court’s judgment.

 

 

                                                                                                    DIANE DEVASTO   

                                                                                                                 Justice

 

Opinion
delivered April 12, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] On July 2, 2003, Appellant filed an
original pro se application for writ of habeas corpus.  The court of criminal appeals granted
Appellant this out of time appeal.