NUMBER 13-04-614-CR 

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

STUART BUSBY,                                                     Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                  On
appeal from the 130th District Court

                         of Matagorda County, Texas.

___________________________________________________  _______________

 

                     MEMORANDUM
OPINION[1]

 

         Before
Chief Justice Valdez and Justices Rodriguez and Garza 

                      Memorandum
Opinion by Justice Rodriguez

 








Appellant, Stuart
Busby, was charged with the offense of aggravated robbery.  See Tex.
Pen. Code Ann. ' 29.03 (Vernon 2003).  A jury found appellant guilty and assessed
punishment at ninety-nine years' confinement in the Texas Department of
Criminal Justice-Institutional Division. 
The trial court has certified that this is not a plea bargain case, and
the defendant has the right of appeal.  See
Tex. R. App. P. 25.2(a)(2).  By his sole issue, appellant contends the
trial court erred in denying his request for a jury charge on the
lesser-included offense of robbery.  We
affirm.

I.  Background

On December 4,
2003, appellant and Benny Arnold, Jr. (Arnold), entered the First State Bank in
Blessing, Texas, wearing ski masks.  Once
inside the bank, one of the men pointed a gun at the tellers while the other individual
opened the tellers' drawers, took money from the drawers, and placed the money
in a bag.  The two men then fled the bank
with the bag of money.  Appellant was
arrested and indicted for the offense of aggravated robbery.  At trial,[2]
appellant requested that the jury be charged on the lesser-included offense of
robbery.  The trial court denied
appellant's request. The jury was instructed on the law of parties and charged
with alternate theories of aggravated robbery upon which it could find
appellant guilty.  The jury found
appellant guilty of the offense of aggravated robbery.  This appeal ensued.    

II.  Lesser-Included Offense

By his sole
issue, appellant contends the trial court erred in denying his request for a
jury charge on the lesser-included offense of robbery.[3]








A.  Standard of Review

To determine
whether a charge on a lesser-included offense is warranted, we apply a
two-prong test.  Threadgill v. State,
146 S.W.3d 654, 665 (Tex. Crim. App. 2004) (en banc) (citing Feldman v.
State, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002)).  We first determine whether the offense is
actually a lesser-included offense of the offense charged.  Id.; see Tex. Code Crim. Proc. Ann. art. 37.09
(Vernon 1981) (providing that an offense is a lesser-included offense if it is
established by proof of the same or less than all the facts required to
establish the commission of the offense charged).  Next, we review the entire record to
determine whether it contains some evidence that would permit a rational jury
to find that the defendant is guilty only of the lesser-included offense.  Threadgill, 146 S.W.3d at 665
(citing Feldman, 71 S.W.3d at 750). 
When the State has charged a defendant on alternate theories of the same
offense, the second prong is satisfied "only if there is evidence which,
if believed, refutes or negates every theory which elevates the offense
from the lesser to the greater."  Arevalo
v. State, 970 S.W.2d 547, 549 (Tex. Crim. App. 1998) (per curiam) (emphasis
added) (citing Schweinle v. State, 915 S.W.2d 17, 19-20 (Tex. Crim. App.
1996)).  "Only if every theory
properly submitted is challenged would the jury be permitted to find the
defendant guilty only of the lesser offense."  Id.

B.  Analysis








It
is well settled that robbery is a lesser-included offense of aggravated
robbery. Ex parte Walton, 626 S.W.2d 528, 530 (Tex. Crim. App. 1981) (en
banc); see Tex. Pen. Code Ann.
'' 29.02, 29.03 (Vernon 2003).[4]  Therefore, the first prong of our two-prong
test is satisfied.  See Threadgill,
146 S.W.3d at 665; see also Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 1981).  Thus, we need only determine whether the record
contains evidence to satisfy the second prong of the test.  See Threadgill, 146 S.W.3d at
665 (citing Feldman, 71 S.W.3d at 750).








The
State presented alternate theories of the greater offense of aggravated robbery
upon which the jury could find appellant guilty.  First, the State charged appellant with
aggravated robbery based on his own conduct.[5]  Secondly, the State charged appellant with
aggravated robbery under the law of parties[6]
based on the combination of his own conduct and Arnold's conduct.[7]  In order to satisfy the second prong of the
test, and to be entitled to a jury charge on the lesser-included offense of robbery,
the record had to contain evidence "which, if believed, refute[d] or
negate[d] every theory which elevate[d] the offense from the lesser to the
greater."  Arevalo, 970
S.W.2d at 549 (citing Schweinle, 915 S.W.2d at 19-20).  Therefore, under the first theory of
aggravated robbery presented by the State, the record had to contain evidence
which, if believed, refuted that appellant, himself, used or exhibited a deadly
weapon during the commission of the robbery. 
See id.; see also
Tex. Pen. Code Ann. '' 29.02, 29.03 (Vernon 2003).  Under the second theory of aggravated robbery
presented by the State, the record had to contain evidence which, if believed,
refuted (1) that Arnold used or exhibited a deadly weapon during the commission
of the robbery and (2) that appellant acted with intent to assist the
commission of the offense and aided Arnold to commit the offense.  See Arevalo, 970 S.W.2d at 549 (citing
Schweinle, 915 S.W.2d at 19-20); see also Tex. Pen. Code Ann. 7.02(a)(2), 29.02, 29.03 (Vernon
2003).  Only if both theories were
refuted would the second prong be satisfied and would appellant be entitled to
a jury charge on the lesser-included offense of robbery.  See Arevalo, 970 S.W.2d at 549 (citing
Schweinle, 915 S.W.2d at 19-20). 








With
regard to the second theory presented by the State, appellant does not
challenge that Arnold exhibited a deadly weapon during the commission of the
robbery.  Moreover, the record does not
contain evidence to refute that appellant acted with intent to assist the
commission of the offense and aided Arnold to commit the offense.  Therefore, we conclude the record does not
contain evidence that refutes the second theory of aggravated robbery presented
by the State.  See id.  Because it is necessary for both theories to
be refuted in order for the second prong of the test to be satisfied, see
id., we need not determine whether the record contains evidence refuting
the first theory of aggravated robbery presented by the State.  See Tex.
R. App. P. 47.1.  

Thus,
we conclude the second prong of the two-prong test is not satisfied, and  appellant, therefore, was not entitled to an
instruction on the lesser-included offense of robbery.  We overrule appellant's sole issue.   

III.  Conclusion

Accordingly,
we affirm the judgment of the trial court.

 

NELDA V. RODRIGUEZ

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and 

filed
this 25th day of May, 2006.

 











[1]All issues of law presented by this
case are well-settled, and the parties are familiar with the facts.  Therefore, we will not recite the law or the
facts except as necessary to advise the parties of the Court's decision and the
basic reasons for it.  See Tex. R. App. P. 47.4.





[2]Benny Arnold, Jr. was tried
separately from appellant.





[3]To the extent appellant contends as
a sub-issue that the trial court erred in accepting his plea of guilty to the
offense of robbery, his briefing is inadequate. 
See Tex. R. App. P.
38.1(h) (providing that appellant's brief must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities
and to the record).  Therefore, such a
contention is not before us.





[4]A person commits the offense of
robbery if, while committing theft and intending to obtain or maintain control
of another's property, he intentionally or knowingly threatens or places
another in fear of imminent bodily injury or death.  Tex.
Pen. Code Ann. ' 29.02(a)(2) (Vernon 2003).  A person commits the offense of aggravated
robbery if he uses or exhibits a deadly weapon while committing the offense of
robbery.  Id. ' 29.03(a)(2).    





[5]The jury charge related to the
first theory of aggravated robbery read as follows, in pertinent part:

 

[I]f you believe . . . the defendant Stuart Busby, did then and there,
while in the course of committing theft of property and with intent to obtain
or maintain control of said property, intentionally or knowingly threaten or
place Terri Cornelius in fear of imminent bodily injury or death, and the
defendant did then and there use or exhibit a deadly weapon, to-wit:  a firearm, then you will find the defendant
guilty of Aggravated Robbery . . . .





[6]Under the law of parties, a person
is criminally responsible as a party to an offense "if the offense is
committed by his own conduct, by the conduct of another for which he is
criminally responsible, or by both." 
Id. ' 7.01(a).  In addition, a defendant is criminally
responsible for an offense committed by the conduct of another if, "acting
with intent to promote or assist the commission of the offense, he solicits,
encourages, directs, aids, or attempts to aid the other person to commit the
offense."  Id. ' 7.02(a)(2).  





[7]The jury charge related to the
second theory of aggravated robbery read as follows, in pertinent part:

 

If you find . . . Benny Arnold, Jr.
did then and there . . . use or exhibit a deadly weapon, to-wit:  a firearm, and that Stuart Busby, then and
there, acting with intent to promote or assist the commission of the offense .
. . aided Benny Arnold, Jr. to commit the offense . . . then you will find the
defendant, Stuart Busby, guilty of Aggravated Robbery . . . .