Esteban AREVALO, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–94–00088–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 4, 1999.

Kim Richardson, Freeport, for appellant.

Jerome Aldrich, Angleton, David Bosserman, Angleton, for appellee.

### OPINION ON SECOND REMAND FROM THE COURT OF CRIMINAL APPEALS

TIM TAFT, Justice.

Appellant, Esteban Arevalo, was indicted for two counts of aggravated sexual assault. Upon State's request, over appellant's objection, the trial court submitted jury instructions for the lesser included offense of sexual assault in each count. The jury found appellant guilty of sexual assault in count one and aggravated sexual assault in count two. The trial court, having found true the enhancement paragraph alleging a prior conviction for aggravated rape, assessed punishment at 75 years in prison.[1]

On appeal, we rejected appellant's complaint that there must be some evidence the defendant is guilty *only* of the lesser included offense before the trial court may grant

---

1. The judgment reflects only one sentence of 75 years. The court reporter's record reflects, however, that the trial court sentenced appellant to 75 years on each count. Having the necessary data and evidence before us for reformation, we

reform the judgment to reflect sentences of 75 years in both counts. See Tex.R.App.P. 43.2(b); *Tamez v. State,* 620 S.W.2d 586, 590 (Tex.Crim. App.1981).

the *State's* request for such a jury instruction, and we affirmed the trial court's judgment. *Arevalo v. State*, 918 S.W.2d 46 (Tex. App.—Houston [1st Dist.] 1996), *rev'd*, 943 S.W.2d 887 (Tex.Crim.App.1997). The Court of Criminal Appeals vacated our judgment and remanded for us to address: (1) whether there was some evidence in the record that appellant was guilty only of sexual assault under count one; and (2) whether submission of the lesser included offense was harmless error as to count two. *Arevalo*, 943 S.W.2d at 890. Because appellant conceded at trial there was evidence he was guilty of the lesser included offense under both counts, we affirmed the trial court's judgment as reformed, without addressing the two issues. *Arevalo v. State*, 959 S.W.2d 373, 374 (Tex. App.—Houston [1st Dist.] 1998), *rev'd*, 970 S.W.2d 547 (Tex.Crim.App.1998). Noting that appellant had conceded there was contested evidence on only two of the three theories by which the State alleged appellant had threatened the victim, the Court of Criminal Appeals held that contested evidence was necessary under all theories of an offense presented. *Arevalo*, 970 S.W.2d at 548. The court again vacated this Court's judgment for us to comply with its original directive. *Id.* at 549.

## A. Evidence of Guilt Only of the Lesser Under Count One

■ To justify submission of a lesser included offense instruction, there must be some evidence "that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense." *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex.Crim.App.1993).

■ As we recited the facts in our original opinion, the evidence is clear that appellant held a knife to the victim's throat before he took her over to the bed where he committed the sexual assault alleged in count one. It is also clear that, after having committed that offense, appellant held the knife to the victim's throat during the sexual assault alleged in count two. The evidence regarding appellant's use of the knife during the sexual assault alleged in count one is not as clear. The victim testified that, after appellant took

off her pants and underpants, he put the knife down while he took off his pants. She did not know where the knife was at that point. The next testimony regarding the knife concerned its use during the sexual assault alleged in count two. When asked when appellant picked the knife up after setting it down, the victim testified "right after, only a few seconds." Because the penetration alleged in count one was brief, however, the evidence is not clear that appellant was using the knife during this period of time.

We hold that this state of the evidence would permit a jury rationally to find that appellant was guilty only of sexual assault as the lesser included offense of the aggravated sexual assault alleged in count one. *See Schweinle v. State*, 915 S.W.2d 17, 18–19 (Tex.Crim.App.1996).

## B. Harmless Error in Submitting the Lesser Under Count Two

■ The original opinion of the Court of Criminal Appeals directed us to *O'Pry v. State*, 642 S.W.2d 748, 764–65 (Tex.Crim.App. 1981), as an example of how to perform a harmless error analysis pursuant to article 36.19 of the Code of Criminal Procedure. *Arevalo*, 943 S.W.2d at 890. In *O'Pry*, the error in submitting a lesser included offense was not reversible because the jury found the defendant guilty of the greater offense. *O'Pry*, 642 S.W.2d at 765. Because *O'Pry* predated *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984), we believe we are now bound to conduct an *Almanza* harmless error analysis. Appellant objected to submission of the lesser included offense instruction, so we must reverse if appellant demonstrates any actual harm. *See Abdnor v. State*, 871 S.W.2d 726, 732 (Tex.Crim.App.1994). We assay the actual degree of harm by examining the error in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Almanza*, 686 S.W.2d at 171.

### 1. Nature of the Error

In its original opinion, the Court of Criminal Appeals stated the nature of the error in articulating the rationale for requiring the State to meet the second prong of the *Royster* test. *Arevalo*, 943 S.W.2d at 889–90. The second prong of the test preserves the integrity of the jury as the factfinder by ensuring that the jury is instructed as to a lesser included offense only when that offense constitutes a valid, rational alternative to the charged offense. *Id.* at 889. This guards against a compromise or otherwise unwarranted verdict. *Id.*

### 2. Charge as a Whole

We find nothing in the charge as a whole that impacts our analysis, and the parties do not present any information for our analysis under this factor.

### 3. State of the Evidence

As appellant has consistently asserted, the evidence was uncontroverted that appellant used a knife to threaten the victim while committing the sexual assault alleged in count two.

### 4. Arguments of Counsel

Counsel for appellant argued that appellant had not committed either offense and pointed to many statements by the victim that counsel claims were inconsistent, if not incredible. For example, counsel pointed out the lack of any corroboration of the victim's testimony that appellant's use of the knife caused pricks in her neck. There is nothing in the State's argument seeking a compromise verdict.

### 5. Any Other Relevant Information

■ The most important factor is that the jury found appellant guilty of the greater offense. The "harm" the Court of Criminal Appeals is concerned about only occurs when a defendant is found guilty of a lesser offense in the absence of any evidence he is guilty only of the lesser offense. No such harm occurred here. Appellant argues he was harmed by the return of an irrational verdict based on the jury's return of allegedly inconsistent verdicts on the two counts. Based on the uncontroverted evidence that appellant used the knife throughout the commission of the offenses, appellant claims there is no rational explanation for the jury's verdicts. On that basis, he claims that the error in submitting the lesser included offense necessarily confused the jury. We have already pointed out, however, that the evidence strongly supported the jury's implicit finding that appellant used a knife during the commission of count two, but that the evidence was weak, at best, that appellant used the knife during the commission of count one.

### 6. Summary

An *Almanza* analysis leads us to conclude appellant suffered no actual harm from the submission of a lesser included offense as to count two.

### Conclusion

We affirm the trial court's judgment as reformed to show punishments of 75–years confinement for both counts.

Chief Justice SCHNEIDER and Justice ANDELL also participating.