Opinion issued October 23, 2003













In The
Court of Appeals
For The
First District of Texas




NO. 01-00-00798–CR




WALTER HAMPTON, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 829,055




MEMORANDUM OPINION ON REMAND
          Appellant was charged with aggravated sexual assault. The jury instead
convicted him of sexual assault, a lesser-included offense that had been submitted to
the jury at the State’s request and over appellant’s objection. Upon appellant’s plea
of true to two felony enhancement allegations, the trial court sentenced him to 40
years’ confinement. On December 6, 2001, we affirmed the judgment of the trial
court. Hampton v. State, 66 S.W.3d 430 (Tex. App.—Houston [1st Dist.] 2001). The
Court of Criminal Appeals granted appellant’s sole ground for review, which
challenged this Court’s conclusion that the State was entitled to a jury instruction on
the lesser-included offense of sexual assault. 109 S.W.3d 437, 438-49 (Tex. Crim.
App. 2003). The Court held that the lesser-included-offense instruction of sexual
assault was not warranted by the evidence, reversed our decision, and remanded for
us to conduct a harmless error analysis. Id. at 441-42. We reverse and remand.
Harm Analysis
          The Court of Criminal Appeals reversed and remanded the cause to this Court
for a determination of harm pursuant to Almanza v. State, 686 S.W.2d 157 (Tex.
Crim. App. 1985). Harm occurs when a defendant is found guilty of a lesser offense
in the absence of any evidence he is guilty only of the lesser offense. See Arevalo v.
State, 987 S.W.2d 164, 166 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d) (op. on
second remand). Such harm occurred here because appellant was found guilty of the
lesser offense. 
          Accordingly, we reverse and remand for a new trial on the offense of sexual
assault, even though appellant claims that he should not have received a jury
instruction on sexual assault. We recognize the dissent’s statement that this
disposition “creates such illogical results.” Hampton, 109 S.W.3d at 442 (Keller, P.J.
dissenting). Conclusion
          The judgment of the trial court is reversed and the cause is remanded for a new
trial on the offense of sexual assault. 


                                                             Adele Hedges
                                                             Justice
 
Panel consists of Justices Hedges, Nuchia, and Higley.
Do not publish. Tex. R. App. P. 47.4.