Opinion issued April 27, 2007 

 



 








In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-05-01126-CR

____________


WAYNE O'HARA CAMPBELL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 1047325






O P I N I O N

 A jury found appellant, Wayne O'Hara Campbell, guilty of aggravated assault. 
See Tex. Pen. Code Ann. § 22.02 (Vernon Supp. 2006). The trial court assessed his
punishment at 50 years in prison. We determine whether egregious harm resulted
from the trial court's submitting a jury charge that appellant contends required the
jurors' unanimity in finding him not guilty of the greater offense of aggravated assault
before it could consider whether he was guilty of lesser-included offenses. We
modify the judgment, though only for a ministerial correction, and affirm the
judgment as so modified.

Facts


 On May 13, 2005, appellant lived in an apartment with his girlfriend, Demetra
Ariran, and two of her three daughters. Ariran's third daughter lived in another
apartment within the same complex. That evening, appellant drove Ariran and her
granddaughter, the child of the third daughter, to a Stop 'N Go convenience store. 
Appellant told Ariran to withdraw money for him from her bank account at an
automated teller machine located inside. When Ariran refused, appellant became
angry and yelled at her. Ariran and her granddaughter left and walked to Ariran's
daughter's apartment. When Ariran and her granddaughter arrived, appellant and
Ariran's son-in-law were already there. Ariran left her granddaughter with her son-in-law and walked the short distance to her own apartment. Appellant followed
Ariran, yelled at her again about the money, and punched her twice in the face as they
walked. 


 When Ariran and appellant arrived at her apartment, Ariran managed to dial 9-1-1 before appellant took the phone from her and threw it against a wall. She tried
to reach a second phone in another room to call 9-1-1 again, but appellant took that
phone, too, from her and hit her with it several times. Appellant then dragged Ariran
by her hair along the floor to the kitchen, where he pushed her head through a chrome
and glass clock and then onto a countertop. When Ariran ran into a bedroom,
appellant followed her with a kitchen knife. He threatened her, saying that if he went
to jail, he would kill her when he was released. He also continued to hit her. Officers
Teel and Horelica of the Houston Police Department arrived at the apartment a few
minutes later in response to Ariran's 9-1-1 hang-up call and handcuffed appellant
when he answered the door.

 Jury-Charge Error


 In his sole point of error on appeal, appellant contends that the trial court erred
in instructing the jury by requiring the jury unanimously to agree to acquit appellant
of a greater offense before it could consider whether he was guilty of a lesser-included offense. Appellant argues that "the jury charge imposed an improper
impediment by precluding the jury from even considering a lesser-included offense,
unless the jury agreed unanimously to acquit appellant of a greater offense." 
Appellant argues that unanimity is required only for verdicts, not during deliberations
(here, a determination to acquit of a greater offense), and, therefore, that the jury
charge was improperly worded. To show harm resulting from this alleged error,
appellant notes that the jury deliberations lasted longer than the presentation of the
evidence during trial and that the jurors passed a note to the trial court asking for
some clarification about "ongoing assault." Appellant argues that these two
circumstances indicated that some jurors may have been unconvinced of his guilt of
the greater offense, and he concludes that, under the charge given, the jurors believed
that they could not acquit him of aggravated assault unless they had unanimously
agreed to do so and consequently convicted him of that offense, rather than
considering the first lesser-included offense. 

 Appellant points to the following, italicized language from the jury charge in
support of his argument:

 Now, if you find from the evidence beyond a reasonable doubt
that on or about the 13th day of May, 2005, in Harris County, Texas, the
defendant, Wayne O'Hara Campbell, did then and there unlawfully,
intentionally or knowingly threaten Demetra Ariran with imminent
bodily injury by using or exhibiting a deadly weapon, namely, a knife,
then you will find the defendant guilty of aggravated assault, as charged
in the indictment.


 Unless you so find from the evidence beyond a reasonable doubt,
or if you have a reasonable doubt thereof, you will acquit the defendant
of aggravated assault, and next consider whether the defendant is guilty
of terroristic threat. . . .


 [I]f you find from the evidence beyond a reasonable doubt that in
Harris County, Texas, on or about the 13th day of May, 2005, the
defendant, Wayne O'Hara Campbell, did then and there unlawfully,
threaten violence to Demetra Ariran or place Demetra Ariran in fear of
imminent serious bodily injury, then you will find the defendant guilty
of terroristic threat.


 Unless you so find from the evidence beyond a reasonable doubt,
or if you have a reasonable doubt thereof, you will acquit the defendant
of terroristic threat and next consider whether the defendant is guilty of
assault.


 [I]f you find from the evidence beyond a reasonable doubt that in
Harris County, Texas, on or about the 13th day of May, 2005, the
defendant, Wayne O'Hara Campbell, did then and there unlawfully,
intentionally or knowingly threaten Demetra Ariran with imminent
bodily injury, then you will find the defendant guilty of assault. . . .


 Unless you so find from the evidence beyond a reasonable doubt,
or if you have a reasonable doubt thereof, you will acquit the defendant
of assault.


 If you believe from the evidence beyond a reasonable doubt that
the defendant is guilty of either aggravated assault or terroristic threat,
but you have a reasonable doubt as to which of said offenses he is guilty,
then you must resolve that doubt in the defendant's favor and find him
guilty of the lesser offense of terroristic threat.


 If you believe from the evidence beyond a reasonable doubt that
the defendant is guilty of either terroristic threat or assault, but you have
a reasonable doubt as to which of said offenses he is guilty, then you
must resolve that doubt in the defendant's favor and find him guilty of
the lesser offense of assault.


 If you have a reasonable doubt as to whether the defendant is
guilty of any [sic] offense defined in this charge, you will acquit the
defendant and say by your verdict "Not Guilty."


(Emphasis added.) 

A. Unanimity and Error

 Although we will proceed to conduct a harmless-error analysis, it is not entirely
clear that the complained-of charge language requires a unanimous acquittal of the
greater offense before the jury may proceed to consider a lesser-included offense or,
for that matter, that such a unanimity requirement would be erroneous. As for
whether the complained-of portion of the charge requires unanimity, the language
reads, "Unless you so find from the evidence beyond a reasonable doubt, or if you
have a reasonable doubt thereof, you will acquit the defendant of aggravated assault,
and next consider whether the defendant is guilty of terroristic threat . . . ." 
(Emphasis added.) The word "unanimously" does not appear in this portion of the
jury charge. Indeed, as appellant argues elsewhere, the only place that "unanimous"
appears is in boilerplate language at the end of the charge, in relation to the foreman's
duty to certify the verdict once the jury has "unanimously agreed upon a verdict." 
Additionally, the verdict form could be viewed to imply that the jury had four equal
choices (not guilty of any offense, guilty of the charged offense, or guilty of one of
the two lesser-included offenses) because the form contained no separate line for the
jury to acquit appellant of the charged or lesser offenses, but simply one line
indicating "not guilty" of all three offenses. Finally, in Hutson v. State, No. 03-99-00523-CR, 2000 WL 298675, at * 1 (Tex. App.-- Austin, March 23, 2000, pet. ref'd)
(not designated for publication), the charge's pertinent application paragraph recited
that the jury could proceed to the lesser offense only if "you have found the defendant
'not guilty' of" the greater offense. The trial court was asked by a deadlocked jury
if it could proceed to consider the lesser offense even though it could not come to a
unanimous decision on the greater offense. Id. The trial court allowed the jury to do
so, and the jury convicted the accused of the lesser offense. Id. The Austin Court of
Appeals found no requirement of unanimity and affirmed the conviction. Id. at 2. In
contrast, however, a sound grammatical argument can be made that the "you" in the
complained-of portion of the charge refers collectively to all jurors (i.e., "y'all," a
term with which we are well familiar in Texas), thereby requiring unanimity. (1)

 As for whether the complained-of portion of the charge was erroneous, we note
that the charge given in this case has been approved in several cases, albeit without
addressing appellant's precise challenge that the jury charge required the jury
unanimously to acquit of the greater offense before proceeding to consider the lesser-included offenses. See Smith v. State, 744 S.W.2d 86, 94-95 (Tex. Crim. App. 1987);
Boyett v. State, 692 S.W.2d 512, 515-16 (Tex. Crim. App. 1985); Tenner v. State, 763
S.W.2d 877, 884 (Tex. App.--Fort Worth 1988, pet. ref'd); Benavides v. State, 763
S.W.2d 587, 589 (Tex. App.--Corpus Christi 1988, pet. ref'd); McCloud v. State, 692
S.W.2d 580, 584 (Tex. App.--Houston [1st Dist.] 1985, no pet.). 

 For purposes of our discussion, we will assume without deciding that the
complained-of portion of the charge required that the jury unanimously agree to
acquit appellant of the greater offense before it could consider the lesser offenses and
that that unanimity requirement was erroneous.

B. Standard of Review

 This Court conducts a two-step analysis to review jury-charge error. The first
step is to determine whether the charge actually contained error. Almanza v. State,
686 S.W.2d 157, 174 (Tex. Crim. App. 1984) (op. on reh'g). If error is found, the
second step is to determine whether the error caused sufficient harm to warrant
reversal. Abdnor v. State, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994); Arline
v. State, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986). The burden is on the
defendant to persuade the reviewing court that he has suffered harm. Abdnnor, 871
S.W.2d at 732. With the exception of defensive instructions, all jury-charge error
must be reviewed regardless of whether error was preserved for appeal. Middleton
v. State, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003); Almanza, 686 S.W.2d at 171. 
Compare Posey v. State, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998) (holding that trial
court does not have sua sponte duty to instruct jury on unrequested defensive issues). 
Although appellant did not raise this particular point of jury-charge error at trial, this
Court must review his sole point of error anyway because the error of which he
complains allegedly occurred in the application paragraph portion of the jury charge. 
A trial court must give a written charge to the jury "distinctly setting forth the law
applicable to the case." Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007).

C. Analysis

 In this case, it is tempting to avoid an Almanza harm analysis altogether based
on a long line of cases holding that any error in the submission of a lesser-included
offense is not reversible when the jury has found the accused guilty of the greater
offense. See O'Pry v. State, 642 S.W.2d 748, 765 (Tex. Crim. App. 1982); Thomas
v. State, 587 S.W.2d 707, 708-09 (Tex. Crim. App. 1979); DeRusse v. State, 579
S.W.2d 224, 233 (Tex. Crim. App. 1979); see also Parson v. State, 193 S.W.3d 116,
127 (Tex. App.--Texarkana 2006, pet. ref'd). The rationale for this line of cases is
that, once the jury convicts an accused of the greater offense charged, having been
properly charged as to that offense, it has no occasion to consider whether appellant
might be guilty of the lesser-included offense. See O'Pry, 642 S.W.2d at 765. Even
in the face of an argument that the jury was directed to read the entire charge, the
Court of Criminal Appeals has held that the jury is presumed to have stopped
deliberating after having found the accused guilty of the greater offense. Id. 

 The rationale of this line of cases applies with equal force to appellant's point
of error in this case. The jury, having found appellant guilty of the greater offense of
aggravated assault beyond a reasonable doubt, had no occasion to consider the
portion of the charge of which appellant complains. Nevertheless, in a similar case,
we conducted an Almanza analysis because O'Pry preceded Almanza, thereby
relegating the O'Pry rationale to consideration within the factors to be considered
under Almanza. See Arevalo v. State, 987 S.W.2d 164, 165 (Tex. App.--Houston
[1st Dist.] 1999, pet. ref'd). Therefore, we determine whether appellant was
egregiously harmed by examining the alleged error in light of the entire jury charge,
the state of the evidence, including the contested issues and weight of probative
evidence, the argument of counsel, and any other relevant information revealed by the
record of the trial as a whole. See Almanza, 686 S.W.2d at 171. 

 1. The Nature of the Error and Potential for Harm

 "Though not mentioned in Almanza, the nature of the error and its potential for
harm are important threshold considerations that ought to guide the harm analysis." 
Ramos v. State, 991 S.W.2d 430, 434 (Tex. App.--Houston [1st Dist.] 1999, pet.
ref'd). Appellant's claim of harm from the alleged error here is that the jury was
pressured to find him guilty of the greater offense by being precluded from
proceeding to consider the lesser offenses until the jury had unanimously agreed to
acquit him of the greater offense. 

 2. The Charge as a Whole

 As mentioned above, the word "unanimous" is used at the end of the jury
charge in regard to the foreman's duty to certify the verdict once the jury has
"unanimously agreed upon a verdict," but the word does not appear in the
complained-of portion of the charge. The charge is addressed to the "members of the
jury" and thereafter uses the word "you" to refer to jurors collectively. These facts,
in themselves, do little, if anything, to show any harm, much less egregious harm.

 3. The State of the Evidence, Including Contested Issues and Weight

 In a trial that lasted only a few hours, the State called three witnesses--Ariran
and the two police officers who arrived at the scene. Appellant did not testify, but
called three witnesses who did not observe the offense or testify regarding it. Thus,
Ariran's testimony of appellant's assaultive actions was uncontradicted, and the
overwhelming weight of the evidence supported the jury's verdict.

 Appellant contends that Ariran's testimony that he held a knife in his hand
when the police confronted him at the door raised a contested issue because the
officers testified to having recovered the knife when it fell to the ground as they
escorted appellant to the police car. Of course, there is no material inconsistency
between the testimony of Ariran and the officers: appellant had to have had the knife
when he answered the door to have dropped it as he neared the patrol car. 

 There is nothing in the state of the evidence that shows any harm from the jury
instruction of which appellant complains.

 4. The Arguments of Counsel

 Appellant points to his counsel's closing argument that Ariran must have had
the knife, that appellant took it away from her, and that he had the knife when he went
to the door for that reason, but no evidence supported the argument that appellant
took the knife from Ariran. The State points out that appellant's counsel argued for
appellant to be found not guilty, as opposed to being found guilty of a lesser-included
offense. Appellant's counsel did refer, during closing argument, to the four possible
verdict outcomes (guilty of aggravated assault, guilty of terroristic threat, guilty of
assault, or not guilty of any offense) as "choices" that the jury had. Neither counsel
for appellant nor counsel for the State mentioned the term or concept of unanimity,
however. Thus, the arguments do not demonstrate any harm.

 5. Any Other Relevant Information from the Record

 We initially consider two matters on which appellant relies to show harm in
this final catch-all prong of our analysis: a jury note sent to the trial court, asking for
clarification concerning the assault, and the fact that the length of deliberations
exceeded the length of the trial.

 The note read: "If the defendant intended only to intimidate the victim with the
knife, if we stipulate that an assault was ongoing, has the offence [sic] in total risen
to the definition of aggravated assault[?]" Appellant infers from the note that some
jurors did not believe beyond a reasonable doubt that appellant was guilty of
aggravated assault. However, it is also possible to infer that the jury was considering
whether to find appellant guilty of the lesser-included offense, terroristic threat,
which required the jury to find only that appellant had threatened violence to Ariran
or placed her in fear of imminent serious bodily injury. Of course, if the jury's note
shows that the jury did consider this lesser-included offense, then appellant's claim
of harm--that the complained-of charge pressured the jury to find him guilty because
it precluded the jury from even proceeding to consider lesser offenses until it had
unanimously agreed to acquit him of the greater offense--is rebutted. In any event,
what the note does not imply is that the jury was having any trouble with the implicit
unanimity requirement of which appellant complains. We reach the same conclusion
concerning appellant's argument based on the length of deliberations. Although
lengthy deliberations may imply some difficulty in reaching a verdict, they imply
nothing about whether an implicit unanimity requirement was the cause of any
difficulty. Indeed, there is nothing in the record supporting appellant's claim that any
juror felt pressured by a unanimity requirement regarding acquitting appellant of the
greater offense before considering his guilt of a lesser offense.

 6. Resolution

 We hold that appellant has failed to meet his burden of showing that he was
harmed, much less egregiously harmed, by the trial court's charge even if that charge
required the jury unanimously to acquit appellant of the greater offense before it
could consider a lesser-included offense. (2) Accordingly, we overrule appellant's sole
point of error.

 Conclusion


 Even though we have overruled appellant's sole point of error, we must
nonetheless modify the trial court's judgment for unrelated error: the judgment recites
that appellant pleaded "guilty," when, in fact, he pleaded "not guilty." The State
correctly notes that this Court may modify a trial court's judgment to preserve the
integrity of the record when, as here, the correct information is available for such a
modification. See Nolan v. State, 39 S.W.3d 697, 698 (Tex. App.--Houston [1st
Dist.] 2001, no pet.). 


 Therefore, we modify the judgment of the trial court to reflect appellant's
actual plea of "not guilty" and affirm the judgment as so modified.





 Tim Taft

 Justice


Panel consists of Justices Taft, Keyes, and Hanks.


Justice Keyes, concurring.


Publish. See Tex. R. App. P. 47.2(b).
1. For example, the charge was addressed to the "members of the jury" and used
the pronoun "you" in later references to "members of the jury." That is, the
charge consistently used "you" in the plural, not in the singular. Therefore,
when the complained-of instruction provided, "Unless you so find from the
evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof,
you will acquit the defendant of aggravated assault," it can reasonably be read
as speaking of all jurors together. (Emphasis added.) The same instruction
then told jurors to "next consider" the first lesser-included offense only after
the acquittal--which, again, can reasonably be read as speaking in terms of all
jurors. (Emphasis added.)
2. Indeed, it is difficult to see how an accused could ever show any harm. Either
the jury did not proceed to consider the allegedly erroneous portion of the
charge because it found the accused guilty of the greater offense, or, if the jury
proceeded to consider the lesser offenses, any contention that the complained-of charge language pressured the jury to find the accused guilty of the greater
offense by preventing it from going on to consider lesser offenses is obviously
rebutted.