**Affirmed and Opinion filed September 16, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00433-CR

## MONSOUR G. OWOLABI, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 1323910**

## O P I N I O N

Appellant Monsour G. Owolabi asserts that the evidence is insufficient to support his capital-murder conviction. He also asserts the trial court erred in admitting two photographs into evidence and in charging the jury. We conclude that legally sufficient evidence supports the conviction, that the trial court did not abuse its discretion in admitting the photographs, and that any error in charging the jury was harmless. Accordingly, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The complainant, Jose Prieto, and Ranulfo Lopez III were selling marijuana out of Lopez's house. Lopez testified that, after completing a deal one evening, Lopez and the complainant were at Lopez's house when three individuals forced open the back door and entered the dwelling. Lopez saw a gun on one of the individuals, ran out of the front door, and hid in some bushes up the street. According to Lopez, he stayed in the bushes for a short time before returning to his home. Upon entering the house, he saw the complainant on the floor bleeding. Lopez called the police and then began performing cardio-pulmonary resuscitation at the police's instruction, but Lopez was unable to save the complainant.

Around the same time, appellant arrived at a nearby hospital seeking treatment for a bullet wound in his cheek. Appellant could not be excluded as a source of blood at the crime scene and the complainant could not be excluded as a source of blood found on both appellant's shirt and on a $20 bill in appellant's possession. Appellant was arrested and charged by indictment with capital murder, to which he pleaded "not guilty." A jury found appellant guilty as charged and he was automatically sentenced to life in prison without the possibility of parole.

## II. ISSUES AND ANALYSIS

Appellant presents three issues on appeal. He asserts that the evidence is legally insufficient to support his conviction and that the trial court erred in (1) admitting two photographs of the complainant into evidence and (2) charging the jury on the lesser-included offense of aggravated robbery.

### A. Is the conviction supported by sufficient evidence?

In evaluating a challenge to the sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the

verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The trier of fact "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The trier of fact may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

In the indictment, it was alleged that, in the course of committing or attempting to commit robbery, appellant intentionally caused the death of the complainant by shooting him with a deadly weapon. A person commits capital murder if the person intentionally causes the death of an individual in the course of committing or attempting to commit robbery. *See* Tex. Penal Code §§ 19.02(b), 19.03(a) (West 2014). A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both. *See id.* § 7.01(a); *Cerna v. State*, No. 14-12-01126-CR, —S.W.3d—,—, 2014 WL3908117, at *3 (Tex. App.—Houston [14th Dist.] Aug. 12, 2014, pet. filed).

The trial court's instructions to the jury included an instruction on law of the

3

parties under Penal Code section 7.02(a)(2) and the law of conspiracy under Penal Code section 7.02(b). *See id.* § 7.02. A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *See id.* § 7.02(a) (West 2014). If, in the attempt to carry out a conspiracy to commit robbery, capital murder is committed by one of the conspirators, all conspirators are guilty of the capital murder actually committed, though having no intent to commit it, if the capital murder was committed in furtherance of the unlawful purpose, and should have been anticipated by the other conspirators as a result of the carrying out of the conspiracy. *See id.* § 7.02(b).

Appellant argues that the evidence is legally insufficient to prove beyond a reasonable doubt that the capital murder should have been anticipated as a result of carrying out the conspiracy. In particular, he asserts that the evidence does not prove he possessed or fired a gun or that he knew his conspirators possessed weapons or planned to fire them. At trial there was evidence of the following:

- Lopez testified that he ran a business selling marijuana out of his house and that the complainant helped him. He testified that neither he nor the complainant possessed firearms. According to Lopez, on the night of the murder, he had just completed a sale when the back door of the house was forced open and three individuals entered the dwelling. He testified that he saw a tall, black man wearing a light gray shirt and black shorts enter the house with a silver gun. Lopez testified that Lopez ran toward the front door and "could swear" he heard gunshots being fired immediately as he was running. Lopez testified that he hid in some bushes down the street until the cars left the home and then returned to find his scale, marijuana, and money missing. Lopez also found the complainant shot, and observed bullet holes in the wall.

- Deputy Maurice Carpenter, a Harris County crime scene investigator, testified that the door to the dwelling appeared to have been forced

4

open, that items were scattered on the floor, and that a chair was overturned, suggesting that a struggle had taken place in the room.

- Deputy Bradley Bruns, a firearms and tool-mark examiner, testified that bullets at the crime scene were fired from at least two different weapons.

- Darshan Phatak, a Harris County assistant medical examiner, testified that the complainant was killed by multiple gunshot wounds. The complainant also had several contusions and lacerations that were consistent with a struggle. Phatak found stippling on the complainant, which indicates the complainant was shot at a range of one to three feet. Phatak also said that the downward angle of one of the gunshots was consistent with Prieto having been shot while falling or kneeling.

- Deputy Oscar Cisneros made contact with appellant later that night at a hospital near the crime scene. Appellant was receiving treatment for a gunshot wound to his cheek and lied to Deputy Cisneros about the cause of the injury. Shortly thereafter, while appellant was still at the hospital, Sergeant Anthony McConnell performed a gunshot residue test kit on appellant. When appellant asked him about the results of the test, Sergeant McConnell bluffed and told him the test was positive for gunshot residue. In response, appellant stated that he had held a gun that morning, but that he had not fired a gun.

- Appellant's belongings included $520 in cash, including a $20 bill that was blood-stained. The complainant could not be excluded as a contributor to the blood stain on the bill. The chances of another contributor are 1 in 30 quintillion Caucasians, 1 in 56 quintillion African-Americans, and 1 in 343 quadrillion Hispanics. The complainant also could not be excluded as a contributor to a blood mixture found on appellant's shirt.

- Appellant could not be excluded as a source of blood found on the butt of a magazine found at the crime scene, blood found on the floor of the breakfast area in Lopez's house, blood found in the laundry room, blood found on the washing machine, blood found on the driveway, and blood found on a nearby road. The chances of another contributor are 1 in 191 quintillion Caucasians, 242 quintillion African-Americans, and 1 in 273 quintillion Hispanics.

- Shaunda Logunkleko, the mother of appellant's best friend testified that she visited appellant when he returned to Ben Taub Hospital the

5

next day for further treatment. According to Logunkleko, appellant confessed that he had been shot by a Hispanic man after he and three other men set up a "robbery that went bad." Logunkleko testified appellant informed her that appellant and a Hispanic man ended up "getting into it, into tussling, and in the process of the tussling, like wrestling, a gun went off." Logunkleko stated that she told the police that he told her he fired a shot while he was being shot. Logunkleko stated that appellant said he had ended up getting shot in the face by one of his conspirators and his adrenaline ran high.

- Appellant testified that he went to the house with a friend to purchase marijuana when strangers broke in to rob the complainant and Lopez.

The evidence shows that appellant was at the crime scene. Although appellant testified that he was there to purchase marijuana, his testimony contradicts Lopez's version of events. Lopez stated that he and the complainant were alone when three men intruded. Lopez testified that he saw a gun when the men broke in and "could swear" he heard shots almost immediately. We presume the jury credited Lopez's testimony and discredited appellant's. *See Turro*, 867 S.W.2d at 47.

The record contains evidence that appellant could not be excluded as a source of blood in close proximity to the complainant or from contributing to blood obtained from the butt of a magazine found at the crime scene. The complainant could not be excluded as a contributor to blood on appellant's shirt. Additionally, appellant was found with money containing blood stains from which the complainant could not be excluded as a source. *See Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010). Appellant argues that the biological evidence does not prove he fired a weapon because his blood could have dropped on the magazine butt, and in the area, after he was shot. According to Logunkleko, appellant admitted his involvement in a plan to rob the complainant, to wrestling with the complainant, and firing a gun. Appellant argues that Logunkleko's

6

testimony is in conflict as to whether he fired a gun. At one point, Logunkleko stated that appellant and Prieto were struggling when a gun went off, and then another shot was fired, and appellant did not know who fired that other shot. Logunkleko also testified that she informed police that appellant fired a shot when he was being shot. We must presume that the jury resolved any conflicts in Logunkleko's testimony in favor of the prosecution, and we must defer to that resolution. *See id.*

Nonetheless, even if appellant did not fire a gun and did not commit capital murder by his own conduct, the evidence still is sufficient to support appellant's conviction if, under the applicable standard of review, a rational trier of fact could have found beyond a reasonable doubt that, in an attempt to carry out a conspiracy to commit robbery, capital murder was committed by one of appellant's fellow conspirators in furtherance of the unlawful purpose, and appellant should have anticipated the capital murder as a result of the carrying out of the conspiracy. *See* Tex. Penal Code § 7.02(b). The evidence would allow a rational trier of fact to find beyond a reasonable doubt that (1) appellant conspired with others to commit robbery; (2) in an attempt to carry out that conspiracy, the conspirators forced their way into Lopez's house while at least one of appellant's fellow conspirators was carrying a firearm; (3) at least one of appellant's fellow conspirators fired shots almost immediately upon entry into the house; (4) appellant and the complainant were struggling when a gun went off. At trial, appellant admitted to taking money from the floor while the complainant lay there dying from multiple gunshot wounds.

The cumulative effect of the incriminating evidence would permit a rational trier of fact to find beyond a reasonable doubt that, in an attempt to carry out a conspiracy to commit robbery, one of appellant's fellow conspirators committed

7

capital murder in furtherance of the unlawful purpose, and that appellant should have anticipated the capital murder as a result of the carrying out of the conspiracy. *See* Tex. Penal Code § 7.02(b); *Canfield v. State*, 429 S.W.3d 54, 69–70 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd); *Whitmire v. State*, 183 S.W.3d 522, 526–27 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *Turner v. State*, 414 S.W.3d 791, 797–99 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Under the applicable standard of review, we conclude that the evidence is legally sufficient to support appellant's capital-murder conviction as a conspirator under Penal Code section 7.02(b). *See* Tex. Penal Code § 7.02(b); *Canfield*, 429 S.W.3d at 69–70; *Whitmire*, 183 S.W.3d at 526–27; *Turner*, 414 S.W.3d at 797–99. *See also Moore v. State*, 24 S.W.3d 444, 447 (Tex. App.—Texarkana 2000, pet. ref'd) (holding that sufficient evidence supported aggravated-robbery conviction when accused's fellow conspirator shot victim with weapon found in the home and noting that "when an individual decides to steal property from a private residence, he should anticipate that he might be confronted and that his conspirators might react violently to that confrontation").

Accordingly, we overrule appellant's first issue.

**B. Were two photographs of the complainant inadmissible under Texas Rule of Evidence 403?**

In his second issue, appellant asserts that the trial court erred in admitting over appellant's objections, two photographs of the complainant celebrating his birthday with his family. Appellant argues that the probative value of these photographs was substantially outweighed by the danger of unfair prejudice. We review a trial court's ruling on the admissibility of evidence under an abuse-of-discretion standard. *See Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010). Texas Rule of Evidence 403, entitled "Exclusion of Relevant Evidence on Special Grounds," states:

8

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990) (op. on reh'g). A proper Rule 403 analysis by either the trial court or a reviewing court includes, but is not limited to, the following factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004). In the context of the admission of photographs, we also consider the number of photographs, their size, whether they are in color or are black and white, whether they are gruesome, whether any bodies are clothed or naked, and, where applicable, whether the body has been altered by autopsy. *Id.*

Appellant relies on *State v. Salazar* to support his contention that admitting the photographs violated Rule 403. *See* 90 S.W.3d 330, 335–38 (Tex. 2002). In *Salazar*, the Court of Criminal Appeals held that a seventeen-minute video montage of photographs depicting the murder victim's life, set to music from the movie *Titanic*, was inadmissible victim-character evidence and remanded to the court of appeals to determine whether the error was harmful. *See id.* Unlike the video montage the trial court admitted in *Salazar*, the two photographs of the complainant with his family were still images that were small in size. The photographs are probative of the complainant's identity, which the State had the burden to establish. *Gonzalez v. State*, 296 S.W.3d 620, 632 (Tex. App.—El Paso 2009, pet. ref'd). The time taken to develop the evidence was minimal. The trial court did not abuse its discretion in determining that the probative value of the

9

evidence was not substantially outweighed by the danger of unfair prejudice. *See Williams v. State*, 958 S.W.2d 186, 196 (Tex. Crim. App. 1997); *Gonzalez*, 296 S.W.3d at 632. Accordingly, we overrule appellant's second issue.

### C. Was any error in submitting aggravated robbery to the jury as a lesser-included offense harmless?

In his third issue, appellant argues that the trial court erred in submitting to the jury the offense of aggravated robbery as a lesser-included offense. We presume for the sake of argument that appellant objected on this basis in the trial court and that the trial court erred in submitting this lesser-included offense to the jury. Even presuming for the sake of argument that the trial court erred in submitting the instruction, reversal is appropriate only if appellant suffered some harm. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). The actual degree of harm must be assessed in light of (1) the entire jury charge, (2) the state of the evidence, including the contested issues and weight of probative evidence, (3) the argument of counsel; and (4) any other relevant information revealed by the record as a whole. *Id.*

Appellant does not provide any argument as to how submitting this offense to the jury harmed him.[1] The trial court instructed the jurors to consider the lesser-included offense of aggravated robbery only if they had a reasonable doubt that appellant was guilty of capital murder. The charge instructions as a whole state that the jury should not consider aggravated robbery if the jury finds appellant guilty of capital murder. The first factor weighs in favor of finding any error harmless. The evidence was sufficient for the jury to convict appellant of capital murder and the jury did so. If anything, the additional instruction provided the jury with an option to convict appellant of a lesser offense based on the evidence

---

[1] We do not suggest that appellant had a burden to brief or show harm; we simply note that he has not argued or explained how he was harmed.

introduced at trial. The second factor weighs in favor of finding any error harmless. Counsel directed his argument to possible questions that allegedly were not addressed by the evidence. This factor is neutral in our analysis. Under the fourth factor, we consider the jury's determination that appellant is guilty of the greater offense of capital murder. *See Arevalo v. State*, 987 S.W.2d 164, 166 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (holding that it was harmless to instruct jury on lesser-included offense where jury convicted the accused of the greater offense). Under the *Almanza* "some harm" analysis, we conclude that appellant suffered no actual harm from the submission of aggravated robbery as a lesser-included offense. *See Almanza*, 686 S.W.2d at 171; *Arevalo v. State*, 987 S.W.2d at 166. Therefore, appellant's third issue is overruled.

## III. CONCLUSION

Appellant's conviction is supported by legally sufficient evidence. The trial court did not err in admitting into evidence photographs of the complainant celebrating his birthday. Any error in the trial court's jury submission of the offense of aggravated robbery as a lesser-included offense was harmless.

The trial court's judgment is affirmed.


/s/    Kem Thompson Frost
       Chief Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown.

Publish — TEX. R. APP. P. 47.2(b).

11