**Affirmed and Memorandum Opinion filed December 10, 2015.**



# In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00778-CR

---

### SAMMIE  DARRELL  DAVIS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1357576**

---

## M E M O R A N D U M   O P I N I O N

Appellant Sammie Darrell Davis appeals his felony-theft conviction.  He challenges the sufficiency of the evidence and the trial court's denial of his motion for new trial, which was based on a juror's purported experiment during deliberations.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The complainant works as a diamond purchaser. On the day of the offense, the complainant was carrying diamonds and other valuables in his backpack and driving a silver automobile. Houston police officers, who happened to be conducting surveillance, witnessed the events leading to appellant's arrest for the theft of the complainant's belongings.

While on surveillance, the police officers noticed a silver van moving suspiciously through a drugstore parking lot. Officer James Yeoman and a team of police officers began following the van. The van driver went to several banks, each time pausing, and then moving on without entering the bank. At one of the banks, a second van, a green one, pulled up, and appeared to maneuver in the same way as the silver van. The two vans then pulled into a fast-food restaurant, where Sergeant Mike Ingels watched as a man, later identified as appellant, got out of the green van and conversed with the driver of the silver van. The van drivers then steered their vehicles into another bank parking lot and began following the complainant's automobile.

According to Officer Yeoman, the vans followed the complainant's automobile for eight or ten miles until all of the vehicles stopped in a shopping center. The complainant went into a fast-food restaurant, leaving his automobile unattended. Officer Yeoman saw the driver of the silver van peer through the window of the complainant's automobile and then get back into the silver van. The van drivers appeared to be watching the complainant's automobile from another parking lot for a while before driving up and parking directly beside it. The driver of the silver van got out of the van, and Officer Yeoman watched as the driver knelt down next to the complainant's automobile, but the officer could not tell what the driver was doing.

2

After the complainant got back inside his automobile, the rear right tire began to deflate. The complainant then pulled into a parking lot and began fixing the tire there. The two vans pulled into a parking lot at an apartment complex across the street. Both van drivers got into the green van. According to the officer, the green van pulled in five or six spaces away from the complainant's automobile. The passenger in the green van got out, walked between the two vehicles, and approached the passenger side of the complainant's automobile, opened the passenger door, grabbed a black backpack, and ran back to the green van.

An officer approached the complainant's automobile and the complainant confirmed his backpack containing cash, his laptop computer, diamonds, fake diamonds, and gemology tools had just been stolen.

Meanwhile, other police officers surveilling the area unsuccessfully attempted to stop the green van. Officer Yeoman then began watching the silver van that its driver had abandoned across the street. Within the next two hours, Officer Yeoman saw a red car with two males enter the parking lot. One of the men got into the silver van and took off. Police followed. The driver of the silver van caused the vehicle to jump the curb, and he was able to evade police. But, police successfully stopped the red car and arrested appellant, who had been driving it. A search of the red car yielded a backpack containing a laptop computer, a small case with what appeared to be diamonds, and some gemology tools.

Appellant was charged by indictment with third-degree felony theft of property valued at $20,000 or more but less than $100,000. Appellant's indictment contained a habitual-offender enhancement paragraph. Following a trial, the jury found appellant guilty as charged. The trial court assessed punishment at forty years' confinement.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant asserts there is no evidence that he took anything from the complainant without the complainant's consent. Appellant argues that (1) the evidence is insufficient to show he appropriated the diamonds from the owner because the State alleged the complainant was the owner of the property, but the evidence showed the complainant's company — not the complainant — owned the property, and (2) the evidence is insufficient to show appellant took the property without the complainant's consent.

In evaluating a challenge to the sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The trier of fact "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State,* 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The trier of fact may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

Texas Penal Code Section 31.03, entitled, "Theft," provides:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation is unlawful if:

(1) it is without the owner's effective consent;

(2) the property is stolen and the actor appropriates the property knowing it was stolen by another; or

(3) property in the custody of any law enforcement agency was explicitly represented by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another.

Tex. Penal Code Ann. § 31.03 (West, Westlaw through 2015 R.S.). Under the law applicable to the charged offense, theft is a felony in the third degree if the value of the property stolen is $20,000 or more but less than $100,000.[1] *See id.* § 31.03(e)(5) (West 2011). The trial court instructed the jury on law of the parties under Penal Code section 7.02(a)(2). *See* Tex. Penal Code Ann. § 7.02 (West 2014). A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, the person solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *See id.*; *Owolabi v. State*, 448 S.W.3d 148, 151 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

## Ownership of the Property

Texas courts must apply the legal-sufficiency standard of review to the hypothetically correct jury charge. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011). A hypothetically correct jury charge accurately sets out the law, is

---

[1] For offenses committed on or after September 1, 2015, theft is a felony in the third degree if the value of the property stolen is $30,000 or more but less than $150,000. *See* Tex. Penal Code Ann. § 31.03(e)(5) (West, Westlaw through 2015 R.S.). Theft also may be a third-degree felony under certain circumstances involving the theft of animals, but appellant was not changed under this part of the statute. *See id.* § 31.03(e)(5) (West 2011).

authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

The name of the owner of the appropriated property is not a substantive element of the theft offense. *Id.* at 251. But, the Code of Criminal Procedure requires the State to allege the name of the owner of property in its charging instrument. *Id.* Under Texas pleading rules, ownership may be alleged in either the actual owner or a special owner. *Id.* at 251–52. A special owner is a person who has actual custody or control of property that belongs to another person. *Id.* The term "owner" as used in section 31.03 includes any person who has title to the property, possession of the property, or a greater right to possession of the property than the defendant. Tex. Penal Code Ann. § 1.07(a)(35) (West 2011); *Garza v. State*, 344 S.W.3d 409, 413 (Tex. Crim. App. 2011).

The record reveals that the complainant was an employee of a corporation that owned the stolen diamonds, cash, and gemology tools. Though the complainant's employer was the legal owner of the property, the complainant had possession of the property and was entrusted with that property on behalf of the owner. The evidence showed the complainant had physical possession of the items when appellant's accomplice took them from the complainant's vehicle. The evidence is legally sufficient to support a finding that the complainant was the owner of the property that was unlawfully appropriated. *See Garza*, 344 S.W.3d at 414; *Martin v. State*, 704 S.W.2d 892, 894 (Tex. App.—Houston [14th Dist.] 1986, no pet.). The complainant testified the diamonds, cash, and gemology tools were in his vehicle when appellant's accomplice took them.

## Appropriation of Property without Consent

Appellant's second argument is that the evidence is insufficient to show the

complainant did not effectively consent to the appropriation of the property. The record reveals the complainant works as a diamond purchaser for his parents' corporation in Israel. On the day in question, the complainant was planning to ship diamonds from Houston to Israel. He had to complete one more deal before shipping the diamonds when he noticed his right rear tire had gone flat. The complainant testified he was carrying more than $20,000 in cash to complete the final deal when he left his backpack containing the diamonds, cash, and gemology tools in the front seat of his vehicle. While the complainant was changing the tire on his automobile, appellant drove another man over to the complainant's car, and the man took the complainant's backpack from the front seat.

The complainant testified he had been worried about having his diamonds stolen and had taken preventative measures, such as including fake diamonds in his backpack along with the real diamonds. According to the complainant, he did not communicate with the individuals who took his property because he did not realize they had stolen his backpack until they had fled the premises. The complainant testified that after realizing the property had been taken, he felt "terrible" as if he had made a big mistake or let someone down because he was responsible for keeping the diamonds safe.

The record reveals the diamonds were in the complainant's possession when they were taken. The complainant testified he intended to ship the diamonds to Israel, not give them to appellant or to the man who took the complainant's backpack from the front seat. Moreover, the complainant did not communicate with appellant or appellant's accomplices. We conclude the evidence is legally sufficient to support a finding that the appropriation of the property from the complainant's vehicle was without the complainant's effective consent. *See Harrell v. State*, 834 S.W.2d 540, 543 (Tex. App.—Houston [14th Dist.] 1992, pet.

7

ref'd). Likewise, we conclude the evidence is legally sufficient to support a finding that a passenger in the green van driven by appellant unlawfully appropriated the property in question with intent to deprive the complainant of property and to support a finding that appellant, acting with intent to promote or assist the commission of this offense, solicited, encouraged, directed, aided, or attempted to aid that passenger to commit the offense. *See id.*; *Jones v. State*, 845 S.W.2d 419, 423–24 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). We overrule appellant's first issue.

## JUROR-EXPERIMENTATION CLAIM

In his second issue, appellant asserts the trial court erred in denying his motion for new trial, in which he asserted that his constitutional right to due process and a fair and impartial trial were violated by jury misconduct. Appellant alleged that the misconduct occurred when, during a break in jury deliberations in the guilt/innocence phase, one juror conducted her own experiment regarding the identification of a person in a car with tinted windows and then disclosed the results of this experiment to the entire jury before the jury reached its verdict. Appellant argued in the trial court that this alleged misconduct violated his constitutional rights under the Sixth Amendment to the Constitution of the United States and under article I, section 10 of the Texas Constitution.[2] *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. In his motion, appellant cited the Court of Criminal Appeals's opinion in *McQuarrie v. State*. *See* 380 S.W.3d 145, 153–55 (Tex. Crim. App. 2012). The only evidence appellant submitted in support of his motion for new trial was a two-page affidavit from his trial counsel in which

---

[2] The State argues on appeal that appellant failed to preserve error on the second issue because appellant failed to request a hearing on his motion for new trial or to secure a timely hearing date on the motion. We presume for the sake of argument that appellant preserved error on his second issue.

8

counsel testifies regarding statements made by one juror after the trial was over.[3]

The trial court imposed sentence in open court on September 22, 2014. Appellant timely filed his motion for new trial within thirty days of this date. *See* Tex. R. App. P. 21.4(a). Appellant's motion for new trial was "deemed denied" seventy-five days after the trial court imposed sentence in open court because the trial court did not rule on this motion by written order within seventy-five days after imposing sentence in open court.[4] *See* Tex. R. App. P. 21.8; *Morrison v. State*, 132 S.W.3d 37, 48 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). On December 18, 2014, the trial court held a hearing on appellant's motion for new trial and purported to deny the motion in open court. Because the motion for new trial was deemed denied before December 18, 2014, the hearing conducted on that date was not authorized and will not be considered on appeal. *See* Tex. R. App. P. 21.8; *Morrison*, 132 S.W.3d at 48. Therefore, in evaluating appellant's second issue, we do not consider the hearing conducted on December 18, 2014, nor do we consider the evidence offered by the State at that hearing.[5] *See Morrison*, 132 S.W.3d at 48.

The trial court was the sole judge of witness credibility in considering the evidence in support of appellant's motion for new trial. *See Colyer v. State*, 428 S.W.3d 117, 126 & n. 52 (Tex. Crim. App. 2014). The trial court was entitled to discredit the testimony of appellant's trial counsel, which was the only evidence appellant offered in support of his motion for new trial. *See Colyer*, 428 S.W.3d at 126. The trial court could have discredited this testimony and denied appellant's

---

[3] The record does not reflect that the State objected to this affidavit.

[4] The trial court did not rule on appellant's motion by written order or otherwise within seventy-five days after imposing sentence in open court.

[5] At this hearing the trial court admitted into evidence an affidavit tendered by the State. Appellant did not offer any evidence at the hearing.

motion for new trial on that ground alone. *See id.* Thus, the trial court did not abuse its discretion by denying appellant's motion for new trial. *See id.* Accordingly, we overrule appellant's second issue.

## CONCLUSION

The evidence is legally sufficient to support appellant's conviction for third-degree felony theft. The trial court did not abuse its discretion in denying appellant's motion for new trial. Having overruled appellant's issues, we affirm the trial court's judgment.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Christopher and Donovan.
Do Not Publish — TEX. R. APP. P. 47.2(b).